**Roger MORRIS, Plaintiff/Respondent,**

v.

**Jimmy JOHNSON and Mark Smith, d/b/a Johnson Group, Defendants/Appellants.**

**No. 71174.**

Missouri Court of Appeals,
Eastern District,
Division Six.

Aug. 5, 1997.

Thomas P. Duggan, Jr., Arnold, for defendants/appellants.

Floyd T. Norrick, Hillsboro, for plaintiff/respondent.

REINHARD, Presiding Judge.

Defendants appeal after the trial court granted plaintiff's motion for summary judgment. We reverse and remand.

On February 22, 1996, plaintiff filed a petition to recover unpaid wages and reimbursement for expenses from his former employers, defendants Jimmy Johnson and Mark Smith. In his petition, plaintiff asked the court to award him $6,000 for wages, $600 for car mileage, and $1,500 for a bonus promised for work performed in California.

The petition was personally served upon defendants at the address found in the caption of plaintiff's petition. The legal file contains "certifications of mailing" indicating that plaintiff's Requests for Admissions and Production of Documents were mailed to defendants. The documents essentially requested that defendants admit the averments in plaintiff's petition.

On June 5, 1996, defendant Johnson appeared at trial, but defendant Smith did not:

THE COURT: Let the record reflect that today's date is June 5, 1996. And the Court calls for trial a case styled Roger Morris v. Jimmy Johnson. This case is numbered CV196–1061–AC–A11. Are the Plaintiffs ready to proceed—or the Plaintiff?

[PLAINTIFF]: Yes, Your Honor.

THE COURT: Is the Defendant here?

[DEFENDANT JOHNSON]: Yes, Your Honor.

THE COURT: Sir, would you have a seat there. [Defendant Johnson], you're proceeding without legal counsel?

[DEFENDANT JOHNSON]: Yes, sir.

THE COURT: Is that correct? All right. Are there any preliminary matters to take up and to decide before the Court hears testimony?

[PLAINTIFF]: Yes, Your Honor. If I could approach the bench.

THE COURT: You may approach.

[PLAINTIFF]: I'm handing you what's been marked Petitioner's Exhibits 1, 2, and 3. They represent the discovery that was sent to each Mr. Johnson and to Mr. Smith on April 18th, I believe for ... service, already in the Court file. We have never received any response here to date, due on May 21. The request for admissions reflect each of the elements continued extension under Rule 61, should be deemed admitted.

THE COURT: That's correct. All right. Anything further?

[PLAINTIFF]: No, Your Honor.

THE COURT: Do you have any response to what counsel just stated to the Court?

[DEFENDANT JOHNSON]: Well, I received them. I brought them along with me.

THE COURT: All right.

[DEFENDANT JOHNSON]: And—I didn't fill them out. I thought I'd ... bring in all the evidence and we would discuss it in court.

THE COURT: That's fine. Proceed, Counsel.

[PLAINTIFF]: Your Honor, I'd ask for a summary judgment at this time based on the admission.

[DEFENDANT JOHNSON]: Oh. Well, tricky—

THE COURT: Your response?

[DEFENDANT JOHNSON]: I want a continuance to fill out the little forms.

[PLAINTIFF]: Your Honor, I'd object because this was set in mid-March.

[DEFENDANT JOHNSON]: And my associate has been out of town for three weeks.

THE COURT: The ... motion for a summary judgment will be granted.

The court minutes of the June 5th hearing state:

BENCH TRIAL. Cause tried by the Court, sitting without a jury, as the trier of fact. Judgment rendered generally in favor of the PLAINTIFF. IT IS SO ORDERED this date....

The judgment signed by the court is as follows:

Cause called for trial. Plaintiff announces ready for trial. Defendant Jimmy Johnson appears in person; Defendant Mark Smith appears not and is in default. Evidence adduced and the Court finds in favor of Plaintiff, and further finds that both Defendants Johnson [and] Smith failed to respond to Plaintiff's Request for Admissions, those averments thus being deemed admitted by Defendants pursuant to Rule 61.01(c). The Court finds that Defendants fail to demonstrate good cause as to why timely responses were not provided by Defendants Smith [and]/or to Plaintiff's Request for Admission[s], Production of Documents or Interrogatories. This Court hereby enters its order and judgment against Defendants and in favor of Plaintiff for damages in the amount of $9100 including interest from Jan. 21, 1995 to date, and for the costs of this action....

Defendants filed a motion for new trial and a motion to reconsider and vacate judgment on July 16th. In considering these motions, the court stated:

DEFENDANT'S MOTION FOR NEW TRIAL AND MOTION TO RECONSIDER AND VACATE JUDGMENT PRESENTED BEFORE THE COURT. THE COURT GRANTS 10 DAYS TO DEFENDANT AND PLAINTIFF 5 DAYS TO RESPOND TO MEMORANDUM OF LAW CONCERNING THE ISSUES IN THIS CASE. IF THIS MEMORANDUM DOES NOT DISPOSE OF THAT ISSUE A[N] EVIDENTIARY HEARING WILL BE HELD....

The docket entries relevant to the disposition of defendants' motions are as follows:

7/25/96: COMES NOW DEFENDANTS AND FILE THEIR MEMORANDUM OF LAW.

8/01/96: PLAINTIFF FILES RESPONSE TO DEFENDANTS' MEMORANDUM[ ]OF LAW.

8/19/96: DEFENDANT[S'] MOTION FOR NEW TRIAL AND MOTION TO RECONSIDER AND VACATE JUDGMENT ARE DENIED....

No evidentiary hearings were held on defendants' motions.

On the record before us, this case must be reversed and remanded. From the transcript, it is apparent that no trial was held on the merits of this case. The court minutes and the signed order are inconsistent with the transcript, which indicates that the court granted plaintiff's motion for summary judgment against both defendants prior to the presentation of evidence.

■■■ Rule 74.04 provides that an adverse party shall have thirty days to file a response to a summary judgment motion. *Rhodes v. Blair,* 919 S.W.2d 561, 564 (Mo.App.1996). "The rule is designed to allow the adverse party time and opportunity to file affidavits in opposition to the motion as well as to gather and then present its evidence at the hearing." *Joachim Sav. & Loan v. State Farm,* 764 S.W.2d 648, 649 (Mo.App. E.D.

1988).  Consequently, it was error for the trial court to grant the motion for summary judgment without allowing defendants an opportunity to respond.  This judgment must be set aside and the case remanded to the trial court.

Judgment reversed and remanded.

KAROHL and DOWD, JJ., concur.