Robert LAWREY, Respondent,

v.

**RELIANCE INSURANCE COMPANY,**
Appellant.

No. WD 57894.

Missouri Court of Appeals,
Western District.

Sept. 19, 2000.

---

Ronald J. Stites, Jeffrey L. Smith, Kansas City, for Respondent.

Nicholas L. Divita, David L. Marcus, Kansas City, for Appellant.

Before: EDWIN H. SMITH, P.J., and ULRICH and ELLIS, JJ.

EDWIN H. SMITH, Presiding Judge.

Reliance Insurance Company appeals the summary judgment of the circuit court for the respondent, Robert Lawrey, on his claims against it for payment of uninsured motorist benefits under a motor vehicle liability policy issued by the appellant to ConAgra, Inc., the parent company of respondent's employer, Pueblo Chemical & Supply Co., and for damages and attorney's fees for vexatious refusal to pay under the policy. The loss for which the respondent sought recovery under the policy arose from the bodily injuries he sustained in an on-the-job motor vehicle accident with a phantom driver on July 10, 1990.

The appellant raises two points on appeal. In Point I, it claims that the trial court erred in granting summary judgment to the respondent on his claims because, in doing so, it: (1) failed to fully consider the summary judgment record that was made by the parties and as provided by Rule 74.04;[1] (2) considered matters outside the summary judgment record allowed by Rule 74.04; and (3) prevented the appellant from making a full summary judgment record, as provided by Rule 74.04, by entering judgment without allowing it the mandatory 30 days within which to respond to the respondent's motion for summary judgment, Rule 74.04(c)(2). In Point II, it claims that the trial court erred in not granting its motion for summary judgment on the respondent's claims because, on the undisputed facts, it was entitled to judgment as a matter of law.

We reverse and remand in part for further proceedings, and we dismiss in part.

### Facts

On March 11, 1998, the respondent filed a petition against the appellant in the Circuit Court of Jackson County. In his petition, he sought payment under the uninsured motorist coverage of a motor vehicle policy of insurance, policy number NKA1497129–00, issued by the appellant to ConAgra, Inc., the parent company of his employer, Pueblo Chemical Company. The payment he sought was for damages for personal injuries he allegedly sustained as a result of a work-related motor vehicle accident with a phantom driver on July 10, 1990. In addition to seeking payment under the policy, he also sought damages and attorney's fees for vexatious refusal to pay.

On April 24, 1998, the appellant filed a notice of removal to the United States District Court for the Western District of Missouri on the basis of diversity jurisdiction. After removal and the filing of the respondent's petition, the appellant filed its answer, including alleging several affirmative defenses. After partial discovery had been completed, the parties stipulated that the amount in controversy was less than $75,000, exclusive of interest and costs, causing the case to be remanded to the Circuit Court of Jackson County on January 7, 1999. The appellant never re-filed its answer in the circuit court.

On August 5, 1999, the appellant filed its motion for summary judgment as to both of the respondent's claims. On September 3, 1999, the respondent filed a "Cross Motion for Summary Judgment." In his motion, the respondent not only moved for summary judgment on his claims, but also responded to the appellant's motion for summary judgment. As such, rather than simply alleging the undisputed material facts on which he was relying for judgment as a matter of law, as required by Rule 74.04(c), he admitted ten of the appellant's eleven allegations of undisputed material facts, while alleging three additional material facts.

On September 14, 1999, the trial court entered its judgment sustaining the respondent's motion for summary judgment and denying the appellant's. Although not mentioned in the respondent's motion or supporting suggestions, the trial court, in finding for the respondent on his motion, found that each and every allegation of his petition was deemed admitted under Rule 55.09 in that the appellant had failed to file an answer, as required. In its judgment, the trial court awarded the respondent $50,000 on his claim for payment under the policy and $5,150 for damages and $15,000 for attorney's fees on his claim for vexatious refusal to pay. On September 29, 1999, the appellant filed a motion and suggestions to amend or modify the judgment, or, in the alternative, for a "new trial," which the trial court denied.

This appeal follows.

---

1. All rule references are to the Missouri Rules of Civil Procedure (1999), unless otherwise indicated.

## Standard of Review

Our review is essentially *de novo*. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment.

*ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. *banc* 1993) (citations omitted). Summary judgment will be upheld on appeal if: (1) there are no genuine disputes of material fact, and (2) the movant is entitled to judgment as a matter of law. *Id.* at 377.

When considering appeals from summary judgments, the [c]ourt will review the record in the light most favorable to the party against whom judgment was entered. Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. We accord the non-movant the benefit of all reasonable inferences from the record.

*Id.* at 376 (citations omitted).

## I.

In Point I, the appellant claims that the trial court erred in granting summary judgment to the respondent on his claims because, in doing so, it: (1) failed to fully consider the summary judgment record that was made by the parties and as provided by Rule 74.04; (2) considered matters outside the summary judgment record allowed by Rule 74.04; and (3) prevented the appellant from making a full summary judgment record, as provided by Rule 74.04, by entering judgment without allowing it the mandatory 30 days within which to respond to the respondent's motion for summary judgment, Rule 74.04(c)(2). We would agree with the appellant that the trial court erred in granting summary judgment to the respondent because it improperly considered matters outside the summary judgment record allowed by Rule 74.04 and failed to give it 30 days within which to respond to the respondent's motion for summary judgment, as mandated by Rule 74.04(c)(2).

In order for the respondent to be entitled to summary judgment on his claims under Rule 74.04, he was required to establish that: "(1) there was no genuine dispute as to the material facts on which [he] relied to recover and had the burden of persuasion at trial, and that (2) on these undisputed facts, [he was] entitled to judgment as a matter of law." *Gorman v. Farm Bureau Town & Country Ins. Co. of Mo.*, 977 S.W.2d 519, 522 (Mo.App.1998) (*citing* Rule 74.04; *ITT Commercial Fin. Corp.*, 854 S.W.2d at 381). As such, to establish a *prima facie* case for summary judgment on each of his claims, the respondent, as the claimant below, was required to allege "with particularity in separately numbered paragraphs each material fact as to which [he] claim[ed] there [was] no genuine issue, with specific references to the pleadings, discovery or affidavits that demonstrate[d] the lack of a genuine issue as to such facts," Rule 74.04(c)(1), establishing the required elements of proof of his claims. *Id.* The record reflects that, not only did the respondent fail to comply with the rule with respect to the pleading requirements of a motion for summary judgment, but he failed to allege the necessary undisputed facts that would have established each and every element of his claims, entitling him to judgment thereon as a matter of law.

To make a *prima facie* case for summary judgment on his claim for payment of uninsured motorist benefits under the policy, the respondent was required to allege undisputed facts demonstrating that: (1) the appellant had issued a policy of insurance to the respondent's employer,

which included coverage for a loss due to the negligence of an uninsured motorist; (2) respondent was injured as a direct result of a work-related motor vehicle accident caused by such negligence; and, (3) the policy was in force on the date of the accident. *See Gorman,* 977 S.W.2d at 522 (citation omitted). As to his claim for vexatious refusal to pay, he was required to allege undisputed facts in accordance with the requirements of § 375.420,[2] which provides in pertinent part:

> In any action against any insurance company to recover the amount of any loss under a policy of automobile ... or other insurance ..., if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict.

Even a casual review of the respondent's alleged undisputed facts would reveal that he did not carry his burden of establishing a *prima facie* case for summary judgment as to either of his two claims.

As discussed, *supra,* in his motion for summary judgment, rather than complying with Rule 74.04(c)(1), by stating with particularity the undisputed material facts on which he was relying for summary judgment, with specific references to the "pleadings, discovery or affidavits," the respondent chose another route. In an apparent attempt to not only respond to the appellant's alleged undisputed material facts supporting its motion for summary judgment, but to set forth also his own alleged undisputed material facts in support of his motion for summary judgment, the respondent simply admitted certain of the appellant's undisputed facts, while stating three additional undisputed facts. In this regard, the summary judgment record reflects that the appellant's statement of undisputed facts read as follows:

1. Lawrey was involved in an automobile accident on July 10, 1990. *Petition,* ¶ 9. At the time of this accident, Lawrey was employed by Pueblo Chemical and, in the furtherance of his employment, was driving a truck insured by Pueblo Chemical through a policy (Policy No. NKA1497129–00) issued to its parent company, ConAgra, Inc., in the State of Nebraska. *Petition,* ¶¶ 4, 9 and Exh. A attached thereto; *Affidavit of Michael Friedenberg,* ¶ 3, attached hereto as *Exhibit 1.*

2. Lawrey seeks to recover under the uninsured motorist provision of Policy No. NKA1497129–00 for bodily injuries allegedly sustained in this accident. *Petition,* ¶¶ 13–15 and Exh. A attached thereto.

3. Policy No. NKA1497129–00 provides for uninsured motorist coverage in the amount of $50,000 per accident for accidents occurring between June 1, 1990 and May 31, 1991. *Affidavit of Michael Friedenberg,* ¶ 4.

4. Policy No. NKA1497129–00 also states as follows:

> The insurance does not apply to any of the following:
>
> * * *
>
> "Bodily injury" to:
> a. An employee of the "insured" arising our [*sic*] of and in the course of employment by the "insured;"
>
> * * *

*Petition,* Exh. A attached thereto.

5. Pueblo Chemical, which is a common carrier subject to the jurisdiction of and regulated by the interstate commerce commission, *Affidavit of David C.*

---

2. All statutory references are to RSMo 1994, unless otherwise indicated.

*Johnston,* ¶ 3, attached hereto as *Exhibit 2,* is an "insured" under Policy No. NKA1497129–00. *Petition,* Exh. A attached thereto.

6. Policy No. NKA1497129–00 also states that amounts payable under the uninsured motorist provision "shall be reduced by [a]ll sums paid or payable under any workers' compensation, disability benefits or similar law." *Petition,* Exh. A attached thereto.

7. Workers' compensation benefits in the total amount of $104,336.49 have been paid to Lawrey or to a third party of [*sic*] Lawrey's behalf in connection with the July 10, 1990 accident. *Plaintiff's Responses to Defendant's First Request for Admissions,* ¶¶ 3–5, attached hereto as *Exhibit 3.* Specifically, medical expenses in the amount of $27,257.89 have been paid to Lawrey or to a third party on Lawrey's behalf, temporary disability in the amount of $50,293.40 has been paid to Lawrey or to a third party on Lawrey's behalf, and a lump sum of $26,785.20 has been paid to Lawrey or to a third party on Lawrey's behalf, all in connection with the July 10, 1990 accident. *Id.*

8. In settling his workers' compensation claim, Lawrey signed a document entitled "Stipulation for Compromise Settlement." *Plaintiff's Responses to Defendant's First Request for Admissions,* ¶ 1, Exh. A. This document states in pertinent part: "This settlement represents full and final settlement as to claimant's injuries, including but not limited to, his head, brain, shoulder, leg, foot and arm." *Id.* This document further states: "The employee understands ... [that] by entering into this settlement, except as provided by § 287.430.2 R.S.Mo., the employee is forever closing out his claim under the Missouri Workers' Compensation Law; that employee will receive no further compensation or medical aid by reason of this accident/disease; that employee has the right to a hearing of the employee's claim, which may result in employee receiving more money or less money than is provided by the settlement; that employer/insurer and/or Second Injury Fund is/are released from all liability for this accident/disease upon approval by the administrative law judge." *Id.* This document identifies "Reliance Insurance Co." as the "insurer." *Id.*

9. The Stipulation for Compromise Settlement was approved by the administrative law judge on or about March 7, 1997. *Plaintiff's Responses to Defendant's First Request for Admissions,* Exh. A.

10. On December 12, 1998, the parties in this action stipulated "that the upper limit on the amount in controversy recoverable in this litigation as between the parties is less than $75,000, exclusive of interest and costs." *Stipulation Regarding Amount in Controversy and as to Order of Remand,* attached hereto as *Exhibit 4.*

11. It was on the basis of the parties' stipulation regarding the amount in controversy that this case was remanded to state court. *Order Remanding Case* dated January 7, 1999, attached hereto as *Exhibit 5.*

The respondent's statement of undisputed facts read as follows:

1. Admit
2. Admit
3. Admit
4. Deny. Plaintiff further states that said language is in Section 16 of that policy entitled "Hired Autos Specified As Covered Autos You Own." *Section 16 Exhibit 1.* The definition of "hired Auto" is stated in the *Business Auto Coverage Form exhibit 2.*
5. Admit
6. Admit
7. Admit
8. Admit
9. Admit
10. Admit

11. Admit

**Additional undisputed facts**

12. The vehicle driven by plaintiff was owned by Pueblo Chemical Company. (*Police report exhibit 3*) and therefore an "owned auto" pursuant to the policy.

13. Pueblo Chemical company was a subsidiary of Con–Agra, Inc. (*Defendant's Answer to Plaintiff's Petition paragraph numbered 4*).

14. Con–Agra specifically accepted uninsured motorist covered [*sic*] in the amount of $50,000.00 in the State of Missouri when it had the opportunity to specifically reject same. (*Exhibit 4*). The respondent's alleged undisputed facts do not support his claim for a loss payment under the uninsured motorist coverage of the appellant's policy in that they fail to contain any allegations establishing the negligence of the phantom driver. Without the necessary allegations as to the negligence of the uninsured motorist, which would require payment under the policy, the motion would also not support the respondent's claim for vexatious refusal to pay under the policy. As such, the respondent, on his motion, did not make a *prima facie* case for summary judgment as to either of his claims such that the trial court erred in granting the same.

■ Even assuming, *arguendo*, that the respondent's motion had established a *prima facie* case for summary judgment as to his claims, we find that the trial court, nonetheless, erred in granting his motion. This is so in that the court failed to allow the appellant 30 days within which to respond to the respondent's motion, as mandated by Rule 74.04(c)(3); *Morris v. Johnson*, 949 S.W.2d 678, 680–81 (Mo.App. 1997). In this respect, the record reflects that the respondent's motion was filed on September 3, 1999, and the court's judgment was entered on September 14, 1999.

■ Given the fact that summary judgment "borders on a denial of due process," *Tri–State Osteopathic Hosp. Ass'n, Inc. v.* *Blakeley*, 848 S.W.2d 571, 575 (Mo.App. 1993) (citation omitted), any summary judgment procedure, in order to avoid violating a non-movant's right to due process, must necessarily provide for a reasonable time within which the non-movant can respond to the motion for summary judgment. In this regard, Rule 74.04(c)(2) allows the non-movant 30 days within which to respond.

■ Assuming that the movant carries his or her burden under Rule 74.04 to establish a *prima facie* case for summary judgment, the burden then shifts to the non-movant to respond and show, through affidavits, depositions, answers to interrogatories, or admissions on file, that one or more of the material facts alleged by the movant to be above any genuine dispute is, indeed, genuinely disputed, or that, under the undisputed facts, the respondent was not entitled to judgment as a matter of law. Rule 74.04(c)(2); *Hale ex rel. Hale v. City of Jefferson*, 6 S.W.3d 187, 194 (Mo. App.1999) (*citing ITT Commercial Fin. Corp.*, 854 S.W.2d at 381). If the non-movant fails to so respond, then the trial court must enter summary judgment for the movant. *Primerica Life Ins. Co. v. Suter*, 945 S.W.2d 554, 556 (Mo.App.1997) (citations omitted). However, where, as here, the trial court fails to allow the non-movant the allotted 30 days within which to respond, as mandated by Rule 74.04(c)(2), the non-movant's right to due process is violated such that the trial court's grant of summary judgment cannot stand on appeal.

At oral argument, the respondent invited us, pursuant to our *de novo* review, to "speculate" as to what the appellant's response would have been to his motion if it would have been given the opportunity to do so, as required by the rule. Although we are to affirm the grant of summary judgment under any theory supported by the summary judgment record, *Barker v. Danner*, 903 S.W.2d 950, 954 (Mo.App. 1995), in doing so, we are not permitted, under our *de novo* standard of review, to

"speculate" as to what the summary judgment record would have been had there been compliance with Rule 74.04.

■ In addition to reversing the trial court's summary judgment for the respondent on the bases already discussed, we would also reverse on the basis that the court, in granting summary judgment to the respondent, relied on matters which were outside the summary judgment record made by the parties and as authorized by Rule 74.04. In this regard, it is clear from the judgment entry of the trial court that, rather than relying on the summary judgment record before it, albeit incomplete due to the court's failure to allow the appellant 30 days within which to respond, the court, acting *sua sponte,* supplemented the undisputed material facts alleged by the respondent in his motion. In this regard, the trial court's judgment stated, "The Court finds that there are no genuine issues of material fact and that the plaintiff is entitled to judgment as a matter of law. Mo R Civ P 55.09." Although the respondent's motion did reference several allegations from his petition in his statement of the alleged undisputed material facts, there was nothing in his motion, or for that matter his accompanying suggestions, to indicate that he was asserting that all the facts alleged in his petition were undisputed pursuant to Rule 55.09 because the appellant had failed to "re-file" its answer to the respondent's petition when the case was remanded to the circuit court from the federal court. As such, the appellant was blindsided by the trial court's judgment in that, prior to the judgment entry, it was never put on notice as to a Rule 55.09 justification for granting summary judgment. This would have been true even if the appellant had been given the requisite 30 days to respond. Without such notice, the appellant's due process right to respond to the respondent's motion was effectively denied by the trial court's failure to confine itself to the alleged undisputed facts of the summary judgment record made, providing an additional basis for us

to reverse the court's grant of summary judgment. *Mothershead v. Greenbriar Country Club, Inc.,* 994 S.W.2d 80, 85 (Mo. App.1999) (citation omitted) (holding that "[t]he trial court grants or denies motions for summary judgment on the basis of what is contained in the motions for summary judgment and the responses thereto").

**II.**

■ In Point II, the appellant claims that the trial court erred in not granting its motion for summary judgment on the respondent's claims because, on the undisputed facts, it was entitled to judgment as a matter of law. Even if not raised by the respondent, before addressing the merits of the appellant's claim, we are required to determine our jurisdiction, *sua sponte. Burch Food Services, Inc. v. Mo. Div. of Employment Sec.,* 945 S.W.2d 478, 481 (Mo.App.1997). In this regard, we find that the trial court's denial of the appellant's motion for summary judgment is not a final judgment subject to our review.

Unless otherwise provided by rule or law, we are to review final judgments only. § 512.020; *City of St. Louis v. Hughes,* 950 S.W.2d 850, 852 (Mo. *banc* 1997). Inasmuch as the denial of a motion for summary judgment is not a final judgment, we have no jurisdiction to review it. *See Lesinski v. Joseph P. Caulfield & Assoc., Inc.,* 12 S.W.3d 394, 396 (Mo.App.2000) (citation omitted) (holding that "[t]he court's denial of either 'a motion to dismiss or a motion for summary judgment is not a final judgment and is not reviewable' "). As such, as to the trial court's denial of the appellant's motion for summary judgment, we only have jurisdiction to dismiss the appellant's appeal.

**Conclusion**

The circuit court's grant of summary judgment for the respondent on his claims against the appellant is reversed, and the case is remanded to the court for further proceedings consistent with this opinion.

With respect to the appellant's appeal as to the court's denial of its motion for summary judgment, we dismiss for a lack of jurisdiction.

ULRICH and ELLIS, JJ., concur.