**PVI, INC., and William G.
Skelly, Appellants,**

v.

**Klaus LICHTENBERGER,
et al., Respondents.**

**No. WD 58068.**

Missouri Court of Appeals,
Western District.

Nov. 21, 2000.

Robert B. Best, Jr., Kansas City, for appellants.

Tamra Wilson–Setser, Kansas City, for respondents.

Before EDWIN H. SMITH, Presiding Judge, ULRICH, Judge and ELLIS, Judge.

ELLIS, Judge.

PVI, Inc., and William G. Skelly ("appellants") brought an action against Martec Pharmaceutical, Inc. ("Martec") and cer-

tain individual members of Martec's Board of Directors, asserting claims for breach of fiduciary duties and requesting damages and injunctive relief. On December 2, 1999, the trial court granted the defendants' Motion for Summary Judgment and found all other pending motions moot. This appeal follows.

Plaintiffs filed their petition on October 31, 1996, and alleged that they were the minority shareholders of Martec, owning 49% of Martec's outstanding shares. The petition further generally alleged the following. Martec was engaged in the distribution and sale of generic pharmaceuticals in the United States and was wholly owned by PVI. On March 1, 1990, PVI entered into a written agreement with Martec, ratiopharm and Mepha. One of the purposes stated in this agreement was to make Martec into a "major pharmaceutical company." When ratiopharm and Mepha failed to provide the expected generic products for Martec to market, Martec's projected revenues and profits suffered. To ameliorate the problems caused by that delay, ratiopharm proposed establishing manufacturing facilities at Martec's premises so that Martec's new products could be developed and manufactured entirely in the United States. Thereafter, ratiopharm caused Martec to borrow between five and six million dollars to design, construct and equip an on-site manufacturing facility. This facility was completed in late summer of 1996.

In mid-October 1996, appellants discovered that ratiopharm had formed a new wholly-owned subsidiary, Martec Scientific, Inc., and that ratiopharm intended, through its control of the Martec directors named as defendants, to transfer ownership of the new Martec manufacturing facility to Martec Scientific. That transfer was ultimately accomplished. The result was to remove the manufacturing facility from a company in which appellants owned 49% of the stock to a company in which ratiopharm owned 100% of the stock. Appellants alleged that they were damaged

due to the substantial depletion of the assets of Martec and that this was a breach of the fiduciary duties owed by the defendants to appellants as minority shareholders.

Prior to the present State court action against Martec and the other defendants, appellants filed a lawsuit in the United States District Court for the Western District of Missouri against ratiopharm. Upon motion made, the instant case was stayed pending the completion of discovery in the federal case. The federal case was apparently concluded in March 1999. Respondents then filed a motion to dismiss the instant action asserting that appellants lacked standing to sue derivatively on behalf of Martec. They also amended their answer in this case to assert that the appellants' claims were barred by *res judicata* and collateral estoppel arising from the judgment in the federal case. The appellants filed suggestions in opposition to the motion to dismiss on May 3, 1999. Also, on May 10, 1999, appellants filed a motion for leave to file a first amended petition, with the proposed petition attached, and suggestions in support thereof. The trial court held a hearing on September 2, 1999, to hear arguments on the respondents' motion to dismiss. The court apparently took the motion to dismiss under advisement. Thereafter, on November 30, 1999, respondents filed a motion for summary judgment raising the issues of standing, *res judicata* and collateral estoppel. On December 2, 1999, before the appellants had responded to the motion, the trial court entered its order sustaining the motion for summary judgment. This appeal follows.

 Our review of the grant of summary judgment is essentially *de novo. ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Thus:

[t]he criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine

the propriety of sustaining the motion initially. The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment.

*Id.* (citations omitted).

■ The grant of summary judgment will be affirmed on appeal if: (1) there are no genuine disputes of material fact, and (2) the movant is entitled to judgment as a matter of law. *Id.* at 378.

When considering appeals from summary judgments, the [c]ourt will review the record in the light most favorable to the party against whom judgment was entered. The facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. We accord the non-movant the benefit of all reasonable inferences from the record.

*Id.* at 376 (citations omitted).

In their first point, appellants claim the trial court erred in granting summary judgment to the respondents because it entered the judgment before appellants filed a response to the motion and long before their time for filing a response expired, all in violation of Rule 74.04(c)(2) & (3). As noted previously, the respondents filed their motion for summary judgment on November 30, 1999, and the trial court entered its judgment on December 2, 1999, the second day after the motion was filed.

Rule 74.04(c)(2) declares that after a motion for summary judgment has been filed, the adverse party shall serve a response on all parties within thirty days. Rule 74.04(c)(3) provides, in pertinent part:

*Rulings on Motions for Summary Judgment.* After the response has been filed or the time for filing the response has expired, whichever is earlier, the judgment sought shall be entered forthwith if a motion for summary judgment and response thereto show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

As this court recently noted:

Given the fact that summary judgment 'borders on a denial of due process,' any summary judgment procedure, in order to avoid violating a non-movant's rights to due process, must necessarily provide for a reasonable time within which the non-movant can respond to the motion for summary judgment. In this regard, Rule 74 .04(c)(2) allows the non-movant 30 days within which to respond.

*Lawrey v. Reliance Insurance Company,* 26 S.W.3d 857, 863 (Mo.App. W.D.2000) (citations omitted). "The rule is designed to allow the adverse party time and opportunity to file affidavits in opposition to the motion as well as to gather and then present its evidence at the hearing." *Joachim Sav. & Loan Ass'n v. State Farm Fire & Cas. Co.,* 764 S.W.2d 648, 650 (Mo.App. E.D.1988).

■ In this case, the record reveals that the trial court granted summary judgment two days after the filing of the motion for summary judgment. This was a clear violation of the rule and deprived the appellants of the opportunity to file affidavits in opposition to the motion. It was error for the trial court to grant the motion for summary judgment without allowing appellants an opportunity to respond. *Morris v. Johnson,* 949 S.W.2d 678, 681 (Mo. App. E.D.1997).

Respondents nevertheless argue that the trial court was actually granting their previously filed and argued motion to dismiss and treating it as a motion for summary judgment rather than granting their motion for summary judgment filed on November 30, 1999. They argue that under Rule 55.27(a), where a motion to dismiss includes matters outside the pleadings and those matters are not excluded by the court, the motion is converted to one for summary judgment and disposed of as

provided by Rule 74.04. The argument overlooks the fact that the trial court does not suggest anywhere that it was treating the previously filed motion to dismiss as one for summary judgment. Moreover, the court's judgment specifically states that it is granting the respondents' motion for summary judgment and acknowledges that other motions, such as the motion to dismiss, were pending but that they became moot by virtue of the grant of summary judgment. Accordingly, respondents' contention is without merit.

The grant of summary judgment in favor of respondents is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

All concur.