In re the Matter of Nathan Neal
NELSON, a Minor,

Robert Neal Nelson, Appellant,

v.

Elaine Marsh, Respondent.

No. WD 62082.

Missouri Court of Appeals,
Western District.

Oct. 28, 2003.

John H. Edmiston, Warrensburg, MO, for appellant.

Douglas B. Harris, Warrensburg, MO, for respondent.

Before BRECKENRIDGE, P.J., and EDWIN H. SMITH and HOWARD, JJ.

EDWIN H. SMITH, Judge.

Robert Neal Nelson appeals the judgment of the Circuit Court of Johnson County, Probate Division, dismissing, for failure to state a claim upon which relief could be granted, his "petition," which he contends was filed in accordance with § 511.250,[1] to set aside the court's order appointing Elaine Marsh (respondent), the Johnson County Public Administrator, the conservator of the estate of his son, Nathan Neal Nelson (Nathan), a minor. Although the probate court found that the appellant was a fit and proper person to serve as the conservator of Nathan's estate, the court did not appoint him because it found that he had certain conflicts of interest precluding his appointment.

In his sole point on appeal, the appellant claims that the probate court erred in dismissing his "petition" to set aside the court's prior judgment, appointing the respondent the conservator of Nathan's estate, because the facts pled therein and the reasonable inferences to be drawn therefrom, when taken as true and given their broadest intendment, stated a cause of ac-

tion, under § 511.250, for setting aside the court's order as being irregular on its face.

We affirm.

## Facts

On October 5, 2000, the appellant filed an application in the Circuit Court of Johnson County, Missouri, Probate Division, seeking to be named the conservator of the estate of his son Nathan, a minor. The estate was necessitated by reason of Nathan's being a beneficiary of his deceased mother's estate.

The appellant's application was taken up and heard on February 13, 2001. On February 23, 2001, the probate court entered its judgment, finding, *inter alia*, that while the appellant was a fit and proper person to serve as Nathan's conservator, he had certain conflicts of interest, which precluded his appointment. The court then ordered the respondent appointed the conservator of Nathan's estate.

On April 17, 2002, the appellant filed a "PETITION [2] [hereinafter referred to as a motion] TO SET ASIDE ORDER APPOINTING CONSERVATOR AND TO REOPEN THE HEARING ON ROBERT NEAL NELSON'S 'APPLICATION FOR APPOINTMENT OF CONSERVATOR' SUCH AS TO ALLOW FOR THE PRESENTATION OF ADDITIONAL EVIDENCE." In his motion, the appellant alleged that the probate court's judgment should be set aside as being "irregular on its face." On April 30, 2002, the respondent filed a motion to dismiss the appellant's motion to set aside, alleging that it failed to state a claim upon which relief could be granted. On May 17, 2002, the respondent's motion to dismiss was taken

---

1. All statutory references are to RSMo, 2000, unless otherwise indicated.

2. Although denominated by the appellant as a "petition," § 511.250 denominates it a motion.

up and heard by the probate court and sustained. The order of dismissal was made by docket entry and was not denominated a judgment.

The appellant appealed to this court the probate court's order of May 17, 2002, dismissing his motion to set aside the court's judgment of February 23, 2001. In *Nelson v. Marsh (Nelson I )*, WD61553, we dismissed the appeal for want of a final judgment, finding that the probate court's docket dismissal was not denominated a judgment, as required by Rule 74.01(a).[3]

On September 12, 2002, the appellant filed a notice of hearing, announcing that he was "call[ing] up for hearing and disposition the Motion to Dismiss filed on behalf of [the respondent] before the Circuit Court of Johnson County, Probate Division, at Warrensburg, on 2nd day of October, 2002, at 8:30 a.m.," the same motion that was sustained on May 17, 2002. On October 2, 2002, a hearing was held. In a docket entry of the same date, the probate court entered a "judgment," which reads:

> ATTORNEYS JOHN H. EDMISTON AND DOUGLAS B. HARRIS APPEAR IN CHAMBERS. RECORD IS WAIVED. ARGUMENTS ARE HEARD. COURT FINDS THAT THE MOTION TO DISMISS HAS PREVIOUSLY BEEN TAKEN UP AND SUSTAINED BY THE COURT ON MAY 17, 2002, AS SET FORTH IN ITS DOCKET ENTRY OF THAT DATE, AND THAT THERE IS NOTHING PENDING BEFORE THE COURT AT THIS TIME TO BE RULED.

It is this judgment, from which the appellant purports to appeal.

**Appellate Jurisdiction**

■ Before addressing the merits of the appellant's claim, we first must address the respondent's contention that the October 2, 2002 judgment, dismissing the appellant's motion, from which the appellant purportedly appeals, does not address any issue raised by him on appeal, such that there is nothing preserved for this court to review. In other words, the respondent is claiming that the appellant is not appealing from a final and appealable judgment, such that this court is deprived of jurisdiction. See *Lawrey v. Reliance Ins. Co.*, 26 S.W.3d 857, 864 (Mo.App.2000) (holding that unless otherwise authorized by rule or law, an appeal will lie only from a final judgment). Whether raised by a party or not, this court is to determine, *sua sponte*, its jurisdiction in every case. *Schroff v. Smart*, 73 S.W.3d 28, 30 (Mo.App.2002).

As noted, *supra*, the appellant purportedly appeals from the probate court's judgment of October 2, 2002, which was made by docket entry and reads:

> JUDGMENT
>
> ATTORNEYS JOHN H. EDMISTON AND DOUGLAS B. HARRIS APPEAR IN CHAMBERS. RECORD IS WAIVED. ARGUMENTS ARE HEARD. COURT FINDS THAT THE MOTION TO DISMISS HAS PREVIOUSLY BEEN TAKEN UP AND SUSTAINED BY THE COURT ON MAY 17, 2002, AS SET FORTH IN ITS DOCKET ENTRY OF THAT DATE, AND THAT THERE IS NOTHING PENDING BEFORE THE COURT AT THIS TIME TO BE RULED.

The hearing that caused this docket-entry judgment was noticed up by the appellant.

---

**3.** All rule references are to the Missouri Rules of Civil Procedure, 2003, unless otherwise indicated.

In the notice, filed September 12, 2002, the appellant indicated that he was "call[ing] up for hearing and disposition the Motion to Dismiss filed on behalf of [the respondent] before the Circuit Court of Johnson County, Probate Division, at Warrensburg, on 2nd day of October, 2002, at 8:30 a.m.," the same motion that was sustained on May 17, 2002. This notice was apparently precipitated by this court's dismissal of the appellant's appeal in *Nelson I* of the probate court's docket-entry order of May 17, 2002, which reads:

CONSERVATOR APPEARS BY ATTORNEY MONICA D. HUTCHINSON. PETITIONER APPEARS BY ATTORNEY JOHN H. EDMISTON. PETITION FOR SUBSTITUTION OF FIDUCIARY FILED BY ROBERT NEAL NELSON IS WITHDRAWN. CONSERVATOR'S MOTION TO DISMISS "PETITION TO SET ASIDE ORDER APPOINTING CONSERVATOR AND TO REOPEN THE HEARING ON ROBERT NEAL NELSON'S APPLICATION FOR APPOINTMENT OF CONSERVATOR SUCH AS TO ALLOW FOR THE PRESENTATION OF ADDITIONAL EVIDENCE" IS TAKEN UP. ARGUMENTS ARE HEARD. COURT THEREAFTER SUSTAINS THE MOTION AND ORDERS THAT THE PETITION IS DISMISSED.

In dismissing the appellant's appeal from that order, without opinion, this court ruled that the May 17, 2002 order sustaining the respondent's Rule 55.27(a)(6) motion to dismiss, was not a final judgment in that it was not denominated as a judgment, as required by Rule 74.01(a).

The appellant apparently incorrectly took from our dismissal of his appeal in *Nelson I* that he was entitled to a reconsideration of the probate court's order dismissing his motion to set aside the court's order appointing the respondent the conservator of Nathan's estate. What he should have taken from our dismissal was that, in order to appeal the probate court's order, he had to obtain, in conformity with Rule 74.01(a), a "writing signed by the judge and denominated 'judgment'," dismissing his motion. Apparently confused by the appellant's notice of hearing, the probate court, rather than simply reviewing this court's dismissal of the appellant's appeal and entering an order dismissing the appellant's motion and denominating it a "judgment," entered what it denominated a "judgment," finding that "the motion to dismiss has previously been taken up and sustained by the court on May 17, 2002, as set forth in its docket entry of that date, and that there is nothing pending before the court at this time to be ruled."

█ In resolving the issue of whether an appeal would lie from the probate court's purported October 2, 2002 "judgment," we begin with the fact that this court's dismissal of the appellant's appeal in *Nelson I*, for failure to have a writing signed by the court and denominated a judgment, as provided in Rule 74.01(a), was improvident, in that it is well settled that Rule 74.01(a) does not apply to probate proceedings. *State ex rel. Baldwin v. Dandurand*, 785 S.W.2d 547, 549 (Mo. banc 1990); *Estate of Clark*, 83 S.W.3d 699, 701–02 (Mo.App.2002); *Kemp v. Balboa*, 959 S.W.2d 116, 118 (Mo.App.1997). Section 472.160.1(14) expressly authorizes an appeal from the probate division "[i]n all other cases [other than those enumerated in the statute] where there is a final *order* or judgment ... except orders admitting to or rejecting wills from probate." (Emphasis added). Thus, the fact that the probate court's May 17, 2002 docket entry was not denominated a judgment, as provided in Rule 74.01(a), was not sufficient

cause for this court to have dismissed the appellant's appeal in *Nelson I*. The probate court's dismissal order of May 17, 2002, was a final order subject to appeal under § 472.160.1(14). Because we incorrectly dismissed the appellant's first appeal from the May 17, 2002 order, we will treat this appeal as an appeal from that order rather than an appeal from the October 2, 2002 "judgment," which simply found that there was nothing pending to rule upon, citing the May 17, 2002 order as being final.

The respondent further challenges the jurisdiction of this court contending that the appellant's motion to set aside the probate court's order appointing the respondent the conservator of Nathan's estate was time barred. If, in fact, the appellant's motion was barred, then the probate court would have lacked jurisdiction to rule, depriving us of any jurisdiction to review the court's order of May 17, 2002, granting the respondent's motion to dismiss. *Sumnicht v. Sackman*, 968 S.W.2d 171, 174 (Mo.App.1998).

The respondent contends in her brief that the only basis for the relief requested by the appellant in his motion to set aside would be under Rule 74.06(b)(3), which provides, in pertinent part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: ... (3) the judgment is irregular." Accordingly, the respondent argues that the appellant's motion, filed on April 17, 2002, almost fourteen months after the probate court's order of February 23, 2001, appointing the respondent was entered, was out of time in that Rule 74.06(c) provides, in pertinent part that the "motion [to set aside] shall be made within a reasonable time and for reasons (1) and (2) and (3) of subdivision (b) not more than one year

after the judgment or order was *entered*." (Emphasis added).

In his motion, the appellant cited no legal authority for the relief he sought. He simply alleged that the court's "Order and Judgment appointing [the public administrator was] irregular on its face and subject to being set aside." Likewise, in his brief, he cites no authority. At oral argument, however, he contended that his motion was not filed pursuant to Rule 74.06(b)(3), but was filed in accordance with § 511.250, which, like the rule, allows an attack on a judgment as being irregular, but within three years of judgment, rather than one.

In *State ex rel. Baldwin*, the Missouri Supreme Court addressed the precise jurisdictional issue that now confronts us, holding that:

> In most civil proceedings, § 511.250 has been supplanted, first by Rule 74.32, and presently by Rule 74.06(b). However, the provisions of Rule 74 are not applicable to probate proceedings. Rule 41.01. The statute remains available as a remedy to set aside a final judgment in a probate proceeding where an irregularity is shown to exist.

785 S.W.2d at 549. Inasmuch as there is no dispute that our case is a probate proceeding, § 511.250 was available to the appellant as a vehicle for setting aside the probate court's order appointing the respondent the conservator of Nathan's estate, such that the court had jurisdiction to not only rule on the appellant's motion, but also the respondent's motion seeking dismissal of that motion. Consequently, we have jurisdiction to rule on the appellant's claim on appeal that the probate court erred in dismissing the appellant's motion for failing to state a claim upon which relief could be granted.

## I.

In his sole point on appeal, the appellant claims that the probate court erred in dismissing his motion to set aside the court's prior judgment, appointing the respondent the conservator of Nathan's estate, because the facts pled therein and the reasonable inferences to be drawn therefrom, when taken as true and given their broadest intendment, stated a cause of action, under § 511.250, for setting aside the court's order as being irregular on its face. We disagree.

In determining whether the appellant's motion to set aside the probate court's order appointing the respondent the conservator of Nathan's estate stated a claim for relief, under § 511.250, we necessarily have to determine what constitutes an irregular judgment. Both § 511.250 and Rule 74.06(b)(3) authorize the setting aside of a judgment as being "irregular." The definition of "irregular" for both the statute and rule [4] is the same. *Pikey v. Pikey*, 605 S.W.2d 215, 217 (Mo.App.1980). An irregularity, for purposes of setting aside a judgment under § 511.250, was defined by the Missouri Supreme Court in *Edson v. Fahy*, 330 S.W.2d 854, 858 (Mo.1960) as "an irregularity not dependent on proof dehors the record but one patent on the face of the record and one of such a character as to be contrary in some respect to the established form and mode of procedure for the orderly administration of justice." A nearly identical definition was applied by the Court, for purposes of Rule 74.06(b)(3), in *Kibbons v. Union Electric Co.*, 823 S.W.2d 485, 490 (Mo. banc 1992). Thus, the cases interpreting the statute and the rule as to what constitutes an irregular judgment subject to being set aside are logically interchangeable.

An irregularity is a "want of adherence to some prescribed rule or mode of procedure, consisting either in omitting to do something that is necessary for the due and orderly conduct of the suit, or in doing it at an unseasonable time or in an improper manner." *Estate of Ewing v. Bryan*, 883 S.W.2d 545, 547 (Mo.App.1994). "[A] motion to set aside a final judgment cannot be used to test the sufficiency of the evidence or to review trial errors." *Edson*, 330 S.W.2d at 859. Relief from irregular judgments extends only to procedural errors, which, if known, would have prevented entry of a judgment. *Burris v. Terminal R.R. Ass'n*, 835 S.W.2d 535, 538 (Mo.App.1992). "[I]rregularities are not ordinary judicial errors in a judgment that are reached through proper procedures." *Barney v. Suggs*, 688 S.W.2d 356, 359 (Mo. banc 1985). "An irregularity is a timing or procedural issue." *Beatty v. Conner*, 923 S.W.2d 455, 459 (Mo.App.1996).

Accepting the foregoing definition of "irregular," the question is whether, applying that definition, the appellant's motion stated a claim for setting aside the probate court's order, appointing the respondent the conservator of Nathan's estate, as being irregular. In reviewing the probate court's dismissal of the appellant's motion for failure to state a claim upon which relief could be granted, as provided in Rule 55.27(a)(6), we are to allow the motion its broadest intendment, treating all facts alleged as true and construing all allegations favorably to the appellant, and determine whether the averments invoke principles of substantive law entitling the appellant to relief. *Bachtel v. Miller County Nursing Home Dist.*, 110 S.W.3d 799, 801 (Mo. banc 2003).

---

**4.** The predecessor of Rule 74.06(b)(3) was found in Rule 74.32, which was repealed in 1988.

In his motion, the appellant alleged, in pertinent part, that "as a result of this court's failing to follow the mandatory language of Section 475.045.1, the Order and Judgment appointing [the respondent] as Conservator for Nathan Neal Nelson is irregular on its face and subject to being set aside." Giving this allegation its broadest intendment, the appellant was alleging that § 475.045 mandated an order appointing him the conservator of Nathan's estate, such that the respondent's appointment was contrary to the procedure mandated by law for the appointment of a conservator of a minor's estate, rendering the probate court's judgment irregular on its face. Even assuming, *arguendo*, that this type of alleged irregularity would otherwise fit within the definition of "irregular" for purposes of § 511.250, the appellant's claim must still fail in that the allegations of his motion, even when taken as true and given their broadest intendment, do not state a claim for relief under § 511.250.

Section 475.045.1 reads:

Except in cases where they fail or refuse to give required security or are adjudged unfit for the duties of guardianship or conservatorship, or waive their rights to be appointed, the following persons, *if otherwise qualified*, shall be appointed as guardians or conservators of minors:

(1) The parent or parents of the minor, except as provided in section 475.030;

(2) If any minor over the age of fourteen years has no qualified parent living, a person nominated by the minor, unless the court finds appointment contrary to the best interests of the minor;

(3) Where both parents of a minor are dead, any person appointed by the will of the last surviving parent, who has not been adjudged unfit or incompetent for the duties of guardian or conservator.

(Emphasis added). The appellant argues that, under this statute, he was given first priority to be appointed Nathan's conservator. While he is correct that § 475.045.1 does mandate a parental priority in the appointment of a conservator for a minor child's estate, *In Re L.C.F.*, 987 S.W.2d 830, 834 (Mo.App.1999), § 475.045.1 makes that priority contingent on the parent: (1) not failing or refusing to give required security; (2) not being adjudged unfit for the duties of conservatorship; (3) not waiving his right to be appointed; and (4) being otherwise qualified. Thus, to state a claim, under § 511.250, that the probate court's order appointing the respondent conservator was irregular on its face for failing to follow the mandated parent priority of § 475.045.1, the appellant was required to allege, *inter alia*, in his motion, facts demonstrating that on the face of the record leading up to the judgment and the judgment itself, each of those contingencies was found in his favor, mandating his appointment under the statute. That he did not do.

In its "judgment entry" of February 23, 2001, appointing the respondent the conservator of Nathan's estate, the probate court found, *inter alia*, that:

[the appellant], while a fit and proper person to server (*sic*) as Conservator, has certain conflicts of interest which would preclude, at this time, his being appointed as Conservator of the Estate of Nathan Neal Nelson." The Court finds that such conflicts include the following:

1. Robert Neal Nelson is indebted to Debbie Lynn Nelson in the sum of $6,000.00 (less any payments made by him).

2. Robert Neal Nelson is the record owner of certain real estate which was to have been received by Debbie Lynn Nelson pursuant to the decree entered in their dissolution of marriage.

3. Robert Neal Nelson was to convey to Debbie Lynn Nelson her automobile pursuant to the decree entered in their dissolution of marriage.

It is undisputed that the probate court refused to appoint the appellant as Nathan's conservator, even though it found him to be a fit and proper person to serve, because he was not "otherwise qualified," as provided in § 475.045.1, due to the specified conflicts of interest. Although § 475.045.1 does not define "otherwise qualified," giving the language of the statute its plain and ordinary meaning and reading it within the context of the entire section, as we must, *Mo. Dep't of Soc. Servs., Div. of Aging v. Brookside Nursing Ctr., Inc.*, 50 S.W.3d 273, 276 (Mo. *banc* 2001), it is clear and unambiguous that the legislature intended that the probate court could ignore the parental priority of § 475.045.1 if it found circumstances that would prevent the parent from fulfilling his statutory duties as the conservator of the child's estate. In that regard, § 475.130.1 provides: "A conservator of the estate [of a minor or disabled person] is under a duty to act in the interest of the protectee and to avoid conflicts of interest which impair his ability to act." RSMo § 475.130.1.

In his motion to set aside, the appellant did not attack the probate court's findings in its judgment concerning the cited conflicts of interests being an impediment to the appellant's being appointed Nathan's conservator under § 475.045.1. Rather, he simply alleged in his motion that those conflicts, after the fact, no longer existed. An irregularity sufficient to set aside a judgment, must exist at the time of the judgment. See *In re Marriage of Jeffrey*, 53 S.W.3d 173, 175 (Mo.App. 2001). What happens subsequent to the judgment cannot render it irregular. *Id.* Thus, the appellant's motion, even when the allegations are taken as true and given their broadest intendment, does not allege a claim for relief under § 511.250, in that it does not allege facts demonstrating that on the face of the record that led to the probate court's judgment appointing the respondent Nathan's conservator and the judgment itself that the court failed to comply with the procedure mandated by § 475.045.1, as the appellant contends.

Point denied.

## Conclusion

The May 17, 2002 order of the probate court dismissing, for failure to state a claim on which relief could be granted, pursuant to Rule 55.27(a)(6), the appellant's § 511.250 motion to set aside the court's order appointing the respondent the conservator of Nathan's estate is affirmed.

BRECKENRIDGE, P.J., and HOWARD, J., concur.