Luis **TUMIALAN, M.D.,** Respondent,

v.

**STATE BOARD OF REGISTRATION FOR THE HEALING ARTS,** Appellant.

**No. WD 65950.**

Missouri Court of Appeals, Western District.

May 2, 2006.

Rehearing Denied June 27, 2006.

William S. Vanderpool, III, and William E. Roberts, co-counsel, Jefferson City, MO, for Appellant.

Thomas W. Rynard and James B. Deutsch, co-counsel, Jefferson City, MO, for Respondent.

Before EDWIN H. SMITH, C.J., VICTOR C. HOWARD, and THOMAS H. NEWTON.

THOMAS H. NEWTON, Judge.

The State Board of Registration for the Healing Arts (Board) appeals a declaratory judgment of the circuit court stating that the Board lacked authority to seek the automatic revocation of Dr. Luis Tumialan's medical license under section 334.103.[1] We reverse and remand for the circuit court to vacate its judgment as being void for lack of jurisdiction.

Dr. Tumialan was driving on an interstate highway near St. Louis when he struck and killed a pedestrian who was crossing the highway. He was charged with and entered a guilty plea to the class D felony of leaving the scene of a motor vehicle accident in violation of section 577.060. As a result, the Board notified him of its intent to revoke his license under section 334.103 [2] In its complaint for automatic revocation, the Board asserted that the offense (i) was reasonably related to the qualifications, functions, or duties of a physician; (ii) was an offense an essential element of which is fraud and dishonesty; and (iii) involved moral turpitude. Before the Board took action on the complaint though, Dr. Tumialan filed a petition for declaratory judgment in the Cole County Circuit Court, which declared that his medical license could not be automatically revoked because it determined that leaving the scene of a motor vehicle accident was not an enumerated offense under section 334.103.

The parties have not raised the issue of this court's jurisdiction, but this is a matter that we must determine *sua sponte* in every case. *In re Nelson,* 119 S.W.3d 197, 199 (Mo.App. W.D.2003); *Cantrell v. State Bd. of Registration for Healing Arts,* 26 S.W.3d 824, 827 (Mo.App. W.D.2000). If the circuit court lacked jurisdiction to render a judgment on the merits, we lack jurisdiction to consider an appeal from such judgment on the merits. *Two Pershing Square, L.P. v. Boley,* 981 S.W.2d 635, 639 (Mo.App. W.D.1998).

Dr. Tumialan brought this action under section 536.050.1, which allows the courts to render declaratory judgments respecting the validity of agency rules or the threatened application thereof.[3] Such relief may be requested without first exhausting administrative procedures and remedies in certain circumstances. § 536.050.2. Neither the validity of an agency rule nor the threatened application of a rule, however, was at issue in this section 334.103 proceeding. Because the Board proceeding was an adjudication within the Board's jurisdiction under section 334.103, section 536.050.1 does not apply.

---

1. All statutory references are to RSMo.2000 unless otherwise indicated.

2. Section 334.103 provides that a physician's license shall be automatically revoked if the physician has pleaded guilty to a felony that is an "offense reasonably related to the qualifications, functions or duties of a physician, or for any felony offense, an essential element of which is fraud, dishonesty or an act of violence, or for any felony offense involving mor-
al turpitude ... following a review of the record of the [criminal] proceedings and upon a formal motion of the state board of registration for the healing arts."

3. *See also State Tax Comm'n v. Admin. Hearing Comm'n,* 641 S.W.2d 69, 75 (Mo. banc 1982) (noting that in a proper case courts have the right to declare void the rules or regulations of an administrative body, independent of the Declaratory Judgment Act).

In this case, the Board was not going to make a determination about whether leaving the scene of an accident is an enumerated offense under section 334.103 until *after* it conducted a hearing on its complaint against Dr. Tumialan. Thus, he was going to be permitted to address this fact-based issue in his defense, and would have the opportunity to seek judicial review under the Administrative Procedure Act, §§ 536.010–.150, if he were aggrieved after the Board adjudicated the matter. At best, the Board's action involves the interpretation of a statute, and the Eastern District has said that there is no authority that allows a by-pass of agency review where the basis for the court action is a challenge to a statutory interpretation. *State ex rel. State Bd. of Registration for the Healing Arts v. Hartenbach*, 768 S.W.2d 657, 659 (Mo.App. E.D.1989).

Accordingly, the circuit court lacked jurisdiction to consider Dr. Tumialan's petition for declaratory relief. We reverse and remand for the circuit court to vacate its judgment as being void for lack of jurisdiction.

EDWIN H. SMITH, C.J., and VICTOR C. HOWARD, J., concur.