Dixie C. McREYNOLDS and William R. McReynolds, Appellant,

v.

Jerome J. MINDRUP, Respondent.

No. WD 57690.

Missouri Court of Appeals, Western District.

Nov. 21, 2000.

Joseph R. Borich, III, Leawood, KS, for appellant.

Timothy S. Frets, Kansas City, for respondent.

SPINDEN, Chief Judge.

The issue that the parties presented to us in this case was whether the circuit court properly applied the standard enunciated in *Frye v. United States,* 293 F. 1013 (D.C.Cir.1923), in refusing to let a plaintiff in a medical malpractice lawsuit present expert testimony. The issue manifested itself in a lawsuit by Dixie and William McReynolds against a dentist, Je-

rome Mindrup, concerning his use of filling amalgam containing mercury. Dixie McReynolds asked him in 1992 to remove an old filling and to replace it with a filling not containing mercury because she feared the effect of mercury on her health. The McReynoldses claim that Mindrup removed the old filling negligently and replaced it with a new filling containing mercury. They sued Mindrup for dental malpractice, assault and battery, loss of consortium, and punitive damages.

The McReynoldses' complaint centers on Judge Edith Messina's order to preclude their experts from testifying. They had sought to present the testimony of David C. Kennedy, D.D.S., that the standard of care recognized by the International Academy of Oral Medicine and Toxicology concerning removal of amalgam dental fillings was correct, although a minority position, and that the majority position recognized by the American Dental Association was incorrect.[1] They also sought to present the testimony of F. Fuller Royal, M.D., a homeopathic physician and Dixie McReynolds' treating physician; G. Mark Richardson, Ph. D., a specialist in risk assessment who has assessed the risk of mercury in dental amalgam for Canadian authorities; and W. Jess Clifford, a microbiologist and immunologist.

Judge Messina, after a week-long evidentiary hearing, issued an order which she titled, "Partial Judgment." It said:

> IT IS ... ORDERED that the [McReynoldses'] experts' testimony does not meet the requirements for admissibility under the [standard of *Frye v. United States,* 293 F. 1013 (D.C.Cir. 1923) ]. The testimony of G. Mark Richardson, Walter Clifford, David Kennedy and Fuller Royal do not fall under the

admissible evidence standard required by [*Frye*] and its progeny in Missouri case law and are hereby found to be inadmissible at trial in this case.

Judge Messina, nonetheless, denied Mindrup's motion for summary judgment.

The case was transferred to Judge Jon Gray, and Mindrup renewed his motion for summary judgment. On September 2, 1999, Judge Gray granted the motion and ordered that the McReynoldses' malpractice claim be dismissed with prejudice. Remaining at issue in the case are the McReynoldses' claims for assault and battery, loss of consortium, and punitive damages. Judge Gray certified the case for appeal of his ruling under Rule 74.01(b)[2] and announced this rationale:

> [T]he [c]ourt has considered the following factors. First, the "Partial Judgment" entered by Judge Edith Messina on January 27, 1999 prevents the plaintiffs from presenting testimony from any expert witness at trial. The inability of the plaintiffs to present this testimony (1) precludes ... Dixie McReynolds from presenting a *prima facie* case on her negligence claim; (2) may preclude ... William McReynolds from presenting a *prima facie* case on his loss of consortium claim; and (3) prevents ... Dixie McReynolds from recovering more than nominal (and perhaps punitive) damages on her battery claim. The likelihood of an appeal following the entry of this judgment (and the issues arising under Judge Messina's "partial judgment") will not be significantly affected by an immediate trial of the [McReynoldses'] battery claim, regardless of the outcome.
>
> Second, the appeal may obviate the need for an unnecessary trial on [the

---

1. Kennedy formerly was president of the academy. Mindrup presented evidence that the academy opposed use of mercury in dentistry and that it accused the American Dental Association of providing misleading and scientifically inaccurate information about dental amalgams.

2. That rule says, "When more than one claim for relief is presented in an action, ... or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."

McReynoldses'] battery claim in Count II. If this judgment is affirmed on appeal, [the McReynoldses] may determine that the cost and expense of trial is not justified in seeking the recovery of nominal damages on their battery claim. Conversely, if this judgment is reversed on appeal, all three of the [McReynoldses'] claims may be tried in one trial. This will avoid a wasteful trial of the [McReynoldses'] battery claim and then a retrial of this claim (along with the [McReynoldses'] other claims) following the appellate court's reversal of this judgment.

Although Mindrup does not question the propriety of the circuit court's designating its judgment as appealable, we raise the issue *sua sponte* because a final judgment is a prerequisite for appellate review. *Committee for Educational Equality v. State of Missouri*, 878 S.W.2d 446, 450 (Mo. banc 1994).

Rule 74.01(b) expressly restricts its application to cases having "more than one claim" or having multiple parties against whom a judgment is entered. The McReynoldses do not present such a case. Their lawsuit presented several remedies against Mindrup, but only one claim. As the Supreme Court has instructed, "[A] judgment that disposes of only one of several remedies and leaves other remedies relating to the same legal rights open for future adjudication is not a final judgment under Rule 74.01(b)." *Committee for Educational Equality v. State of Missouri*, 878 S.W.2d at 451. In explaining how to distinguish between a claim and a remedy, the Supreme Court relied on this reasoning:

If a complaint seeks to enforce only one legal right, it states a single claim, regardless of the fact that it seeks multiple remedies.... A further refinement of what is meant by "one claim" is that a claim is "the aggregate of operative facts which give rise to a right enforceable in the courts." ... Worded somewhat differently, claims are considered separate if they require proof of different facts and the application of distinguishable law, subject to the limitation that severing the claims does not run afoul of the doctrine forbidding the splitting of a cause of action.... The purpose and policy ... is to avoid redundant review of multiple appeals based on the same underlying facts and similar legal issues.

*Id.* at 451 (citations omitted).

In *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997) (citation omitted), the Supreme Court further explained, that to be ready for appeal under Rule 74.01(b), the circuit court's order must dispose of "a distinct 'judicial unit.'" It explained the meaning of "judicial unit for appeal:"

"An order dismissing some of several alternative counts, each stating only one legal theory to recover damages for the same wrong, is not considered an appealable judgment while the other counts remain pending because the counts are concerned with a single fact situation." *Weir v. Brune*, 364 Mo. 415, 262 S.W.2d 597, 600 (1953). It is "differing," "separate," "distinct" transactions or occurrences that permit a separately appealable judgment, not differing legal theories or issues presented for recovery on the same claim. *Id.*

The circuit court improperly certified the case as proper for appeal under Rule 74.01(b). The circuit court's granting summary judgment of the McReynoldses' negligence action disposed of merely one remedy of the McReynoldses' single claim against Mindrup. They had a single claim but multiple remedies, sounding in separate counts, against Mindrup. All of their remedies rested on proof of the same underlying facts—that Dixie McReynolds was injured by mercury intoxication as a result of Mindrup's acts. The allegations in the multiple counts arose from the same occurrences. Hence, Rule 74.01(b) does not pertain to their lawsuit. Because it did not dispose of McReynolds' battery

action, the circuit court did not resolve a single judicial unit, and its judgment is neither final nor appealable. We, therefore, remand the case to the circuit court for further proceedings leading to a final judgment.

VICTOR C. HOWARD, Judge, and RONALD R. HOLLIGER, Judge, concur.