**Kennedy F. JONES, Appellant–Respondent,**

v.

**HOUSING AUTHORITY OF KANSAS CITY, MISSOURI, Respondent–Appellant.**

**Nos. WD 61700, WD 61750.**

Missouri Court of Appeals, Western District.

Nov. 4, 2003.

Don A. Peterson, Kansas City, MO, for Appellant–Respondent.

Kevin R. Thomas, Kansas City, MO, for Respondent–Appellant.

Before BRECKENRIDGE, P.J., and EDWIN H. SMITH and HOWARD, JJ.

EDWIN H. SMITH, Judge.

Kennedy F. Jones (Jones) appeals from the summary judgment of the Circuit Court of Jackson County, Missouri denying his request for attorney fees in his action against the respondent, Housing Authority of Kansas City, Missouri (HAKC), for "mandamous (*sic*) and mandatory injunction," in which he sought, pursuant to the Missouri Sunshine Law, §§ 610.010–610.026,[1] access to certain records maintained by HAKC, concerning tenants who had participated in the Missouri Housing Development Commission (MHDC) and Section 8 housing assistance programs. HAKC cross-appeals from the trial court's summary judgment for Jones, ordering access to a portion of the records he sought from HAKC.

Jones raises two points on appeal claiming that the trial court erred in denying his request for attorney fees for violation of the Missouri Sunshine Law, as provided in § 610.027.3. HAKC raises one point in its cross-appeal, claiming that the trial court erred in sustaining Jones' motion for summary judgment for access to HAKC records, in accordance with the Missouri Sunshine Law.

We dismiss the appeal and cross-appeal for lack of jurisdiction.

### Facts

On December 26, 2000, Jones sent a written request to Charmaine Johnson–Davis, Director of Section 8 housing for HAKC, seeking three categories of information on tenants and other persons involved in Section 8 and MHDC housing programs. First, with respect to one tenant, Jones sought the names and addresses of her employers for the past two years and asked HAKC to identify her residences for the past two years. Second, Jones sought the names, addresses, and telephone numbers of all landlords, owners, or property managers who had participated in Section 8 and MHDC housing programs since January 1, 1993. Third, Jones sought information on all the tenants who had participated in Section 8 and MHDC housing programs since January 1, 1993, including their names, dates of birth, and social security numbers; and, for each unit in which each tenant resided, the address of the unit, the landlord's name and telephone number, the dates on which the tenant moved in and out, and the amount of rent charged under the contract.

On December 29, 2000, Charmaine–Davis responded with a letter instructing Jones to re-direct his request to the custodian of records for HAKC. On January 4,

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

2001, Jones sent a letter to the custodian of records, requesting the same information that was specified in his December 26, 2000 letter to Charmaine–Davis.

On January 19, 2001, counsel for HAKC replied by letter to Jones' request, declining to release any of the information sought by Jones. With respect to the information sought about tenants and their employers, HAKC asserted that releasing such information would constitute an unwarranted invasion of privacy pursuant to the Freedom of Information Act and the Privacy Act found at 5 U.S.C. § 552. With respect to the information sought about landlords, owners, and property managers, HAKC stated that it had questions about the legality and propriety of this request as well, and asked Jones to explain why he was seeking the information, so that HAKC could determine whether the information sought was subject to disclosure.

In a January 23, 2001 letter in response to counsel for HAKC, Jones asserted that HAKC was in violation of § 610.023 by failing to respond to his initial request within three business days. Jones again demanded the release of all the information he had previously requested, but did not explain why he wanted the information he was seeking on landlords, owners and property managers. Nevertheless, in his subsequent letter of January 30, 2001, counsel for HAKC no longer questioned the propriety of such a request, stating instead that such a request entailed a sizable amount of information that would require considerable time to reproduce, and stating that it would supply the requested information about landlords, owners, and property managers on or before February 13, 2001. The record indicates that HAKC did, in fact, provide Jones with the information requested pertaining to landlords, owners and property managers.

As to the other two categories of information sought (the one particular tenant and tenants in general), the counsel for HAKC maintained in his January 30, 2001 letter that it could not release such information because of the previously stated privacy concerns. Counsel also argued that such release was barred by § 610.021, which he stated authorized the HAKC to close records that relate to "[w]elfare cases of identifiable individuals."

On June 4, 2001, Jones filed a petition for mandamus and mandatory injunction, seeking to compel the HAKC to permit him access to the tenant information he had requested. On February 1, 2002, HAKC filed a motion for partial summary judgment, in which it stated:

Defendant HAKC asserts that the court can adjudicate the main issue in this lawsuit, through partial summary judgment, by answering the following question:

DOES THE MISSOURI SUNSHINE LAW (Chapter 610 Missouri Revised Statutes) REQUIRE DEFENDANT HAKC TO ALLOW PLAINTIFF THE EXAMINATION AND THE PHOTO-COPYING OF THE INFORMATION REQUESTED [pertaining to the one particular tenant and tenants in general] IN ... THE PLAINTIFF'S WRITTEN REQUEST FOR RECORDS CONTAINED IN HIS LETTER DATED JANUARY 4, 2001[?]

On March 1, 2002, Jones filed his motion for summary judgment, claiming that, as a matter of law, the information he requested from HAKC was not exempt from the provisions of the Sunshine Law by § 610.021(8), which closes records that relate to "[w]elfare cases of identifiable individuals." The motion further asserted that "Defendant disputes that Plaintiff is entitled to an award of attorney fees and statutory penalties . pursuant to

§ 610.027(3) R.S.Mo. and summary judgment is not sought by either party on this issue."

On April 10, 2002, the trial court entered an order denying both motions for summary judgment, stating:

There remain issues of fact for determination in this case. Specifically, the application of Chapter 610 to plaintiff's requests in view of the exemption under Mo.Rev.Stat. § 610.021(8) and the determination of the claim of attorney's fees pursuant to Mo.Rev.Stat. § 610.027.3 remains as issues of fact.

Then, on June 20, 2002, the trial court entered a judgment stating that it had reconsidered its April 10, 2002 order, and was sustaining Jones' motion for summary judgment. The court further stated that, "[I]n addition, the Court finds no purposeful violation, and therefore DENIES attorney's fees." The judgment ordered HAKC to provide the information requested by Jones.

This appeal and cross-appeal followed.

# I.

■ In Point I of his appeal, Jones claims that the trial court erred in entering summary judgment denying his request for attorney fees, pursuant to § 610.027.3, in his underlying action for mandamus and mandatory injunction, because the issue was not before the court in accordance with Rule 74.04,[2] governing summary judgment, in that, in his motion, he neither alleged facts nor requested summary judgment on the issue of attorney fees. We agree.

In his petition, in addition to seeking access to certain of the records maintained by HAKC, as provided in the Missouri

Sunshine Law, Jones sought attorney fees, as provided in § 610.027.3. Section 610.027.3, governing "Violations—remedies, procedure, penalty—validity of actions by governing bodies in violation—governmental bodies may seek interpretation of law, attorney general to provide," reads:

Upon a finding by a preponderance of the evidence that a public governmental body or a member of a public governmental body has purposely violated sections 610.010 to 610.027, the public governmental body or the member shall be subject to a civil fine in the amount of not more than five hundred dollars and the court may order the payment by such body or member of all costs and reasonable attorney fees to any party successfully establishing a violation of sections 610.01 to 610.026.

Thus, to be entitled to attorney fees under this section as requested, Jones was required to prove not only a violation of Missouri's Sunshine Law, but a purposeful violation. *Spradlin v. City of Fulton*, 982 S.W.2d 255, 264 (Mo. *banc* 1998).

Summary judgment is proper where the motion for summary judgment and the response thereto show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 74.04(c); *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 380 (Mo. banc 1993). Where the movant is a plaintiff, as Jones was here, to make a *prima facie* case for summary judgment he is required to state with particularity in his motion all the undisputed material facts necessary to establish each and every element of his claim, refer-

---

**2.** All rule references are to the Missouri Rules of Civil Procedure, 2003, unless otherwise indicated.

encing the pleadings, discovery or affidavits that demonstrate the lack of a genuine issue as to those facts. Rule 74.04(c)(1); *ITT Commercial Fin.*, 854 S.W.2d at 381.

In his motion for summary judgment, Jones requested summary judgment on the sole issue of his right to access to certain records maintained by HAKC. He made it crystal clear in his motion that he was not seeking summary judgment on the issue of attorney's fees, asserting: "[HAKC] disputes that [Jones] is entitled to an award of attorney fees and statutory penalties pursuant to § 610.027(3) (*sic*) R.S.Mo. and summary judgment *is not sought* by either party on this issue." And, as asserted by Jones, HAKC, likewise, did not seek summary judgment on the issue of attorney fees. Rather, it sought "partial summary judgment" on the sole issue of whether Jones was entitled to access to the HAKC records he sought.

On April 10, 2002, the trial court overruled both parties' motions for summary judgment without a hearing. Thereafter, on June 20, 2002, the trial court reconsidered its ruling on Jones' motion, and without any notice or a hearing, entered this "judgment:"

> Now on this *20* day of June, 2002, the Court considers the following:
>
> 1. [Jones'] Counter Motion for Summary Judgment (filed March 1, 2002). Being advised in the premises the Court orders:
>
> 1. [Jones'] Counter Motion for Summary Judgment (filed March 1, 2002) is SUSTAINED.
>
> The Court has reconsidered it's (*sic*) ruling in the Order dated April 10, 2002. In addition, the Court finds no purposeful violation, and therefore DENIES attorney's fees. Costs are assessed against [HAKC].
>
> **IT IS HEREBY ORDERED** that [HAKC] provide the information requested by [Jones].

Thus, although not pled in Jones' motion for summary judgment, in reconsidering its ruling on that motion, the trial court, *sua sponte*, ruled on the issue of attorney fees.

 It should go without saying that in ruling on motions for summary judgment, the trial court is limited to the summary judgment record presented and permitted in accordance with Rule 74.04. *Smith v. Hammons*, 63 S.W.3d 320, 323–24 (Mo.App.2002); *Mothershead v. Greenbriar Country Club*, 994 S.W.2d 80, 85 (Mo.App.1999). This proposition recognizes the fact that summary judgment borders on a denial of due process and it is strict compliance with the requirements of Rule 74.04 that prevents our summary judgment procedure from crossing over the border. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 377–78; *Horner v. Spalitto*, 1 S.W.3d 519, 522 (Mo.App.1999). In that regard, Rule 74.04(a) allows a claimant, such as Jones, to seek "summary judgment upon all or any part of the pending issues." He chose to limit his motion to the issue of access to HAKC records under the Missouri Sunshine Law, as did HAKC.[3] Accordingly, the summary judgment record here was developed with respect to the issue of Jones' right to access to HAKC records such that the trial court was not empowered under Rule 74.04 to enter summary judgment on the issue of whether Jones was entitled to attorney fees, under § 610.027.3. The record clearly demonstrates that the issue of attorney fees, based on a purposeful violation of the Mis-

---

**3.** Rule 74.04(b) allows a defending party, such as HAKC, to also seek "summary judgment as to all or any part of the pending issues."

souri Sunshine Law, was never addressed in any fashion that would satisfy the due process requirements of Rule 74.04. Thus, in summarily denying, *sua sponte*, Jones' request for attorney fees, the trial court denied him the due process he was guaranteed by Rule 74.04, rendering the court's judgment in that regard void *ab initio*. *Lawrey v. Reliance Ins. Co.*, 26 S.W.3d 857, 864 (Mo.App.2000).

■■■■ Obviously, our disposition of Jones' Point I renders moot his claim of error in Point II concerning the trial court's denial of his request for attorney fees. In addition, inasmuch as Jones' request for attorney fees under § 610.027.3 was not ripe for summary judgment under Rule 74.04 and remains pending, the trial court's judgment of June 20, 2002 was one for partial summary judgment on the sole issue of access to records under the Missouri Sunshine Law and was not a final judgment subject to appeal such that we are required to dismiss HAKC's cross-appeal. *McReynolds v. Mindrup*, 32 S.W.3d 163, 166 (Mo.App.2000). This is so in that even though not raised by the parties, we are required in every case to determine, *sua sponte*, our jurisdiction. *Lumbermens Mut. Cas. v. Thornton*, 36 S.W.3d 398, 401 (Mo.App.2000).

■■■■ Generally speaking a request for attorney fees is not considered a separate claim that can stand on its own for purposes of an appeal in a summary judgment proceeding. *Rheem Mfg. Co. v. Progressive Wholesale Supply Co.*, 28 S.W.3d 333, 343 (Mo.App.2000); *Harris v. Union Elec. Co.*, 685 S.W.2d 607, 610–11 (Mo.App. 1985). A request for attorney's fees can, under certain circumstances, be considered a separate claim for purposes of appeal, but only when the request for attorney's fees and the underlying claim are not concerned with a single fact situation. *Lumbermens Mut. Cas. v. Thornton*, 36 S.W.3d

398, 402 (Mo.App.2000). That is not the case here, where the issue of whether HAKC purposely violated the Missouri Sunshine Law, entitling Jones to attorney fees and statutory penalties pursuant to § 610.027.3, was factually intertwined with the underlying claim of Jones' right to access to HAKC records. *Id.* at 405. In this case, Jones' request for attorney fees is properly considered to be part of his underlying claim, and thus that claim was not fully resolved by that portion of the trial court's judgment that was not void, *ab initio*, which disposed of the issue of Jones' right to access to HAKC records.

■■■■ As further support for finding that the trial court's judgment as to attorney fees was not final for appeal, we point to the fact that the imposition of a civil fine and/or an award of attorney fees and costs, under § 610.027.3 for purposely violating the Missouri Sunshine Law, acts much like an award of punitive damages in a civil case, which "are awarded for the purpose of inflicting punishment for wrongdoing and as an example and deterrent to similar conduct." *Chappell v. City of Springfield*, 423 S.W.2d 810, 814 (Mo.1968). A request for punitive damages is not considered a separate claim from a claim seeking compensatory damages, even though they may be predicated on different elements. *Davis v. Dolgencorp, Inc.*, 774 S.W.2d 565, 567 (Mo.App.1989). They both seek to enforce a single legal right. *Id.* "Exemplary damages do not and cannot exist as an independent cause of action, but such damages are mere incidents to the cause of action and can never constitute the basis thereof." *Gould v. Starr*, 558 S.W.2d 755, 770 (Mo.App.1977). Hence, just as in the case of punitive damages, we treat the award of attorney fees, under § 610.027.3, as part of a single claim for violation of the Missouri Sunshine Law.

Because the issue of attorney fees, under § 610.027.3, is part and parcel of Jones' claim for access to HAKC's records under the Missouri Sunshine Law and is still pending, the trial court's judgment, sustaining Jones' motion and from which HAKC cross-appeals, is interlocutory in nature and not subject to appellate review. *McReynolds*, 32 S.W.3d at 166. And, of course, this would be true even had the trial court certified the issue of records access for early appeal, pursuant to Rule 74.01(b).[4] Rule 74.01(b) cannot be invoked by a trial court unless multiple claims or parties are involved *and* one complete claim is fully adjudicated, *Pen–Yan Inv., Inc. v. Boyd Kansas City, Inc.* 952 S.W.2d 299, 308 (Mo.App.1997), which did not occur here. Hence, the partial summary judgment for Jones on the issue of access to HAKC records was not a final and appealable judgment, requiring us to dismiss.

### Conclusion

For the reasons stated, the appeal of Kennedy F. Jones and the cross-appeal of the Housing Authority of Kansas City, Missouri are dismissed for lack of jurisdiction.

BRECKENRIDGE, P.J., and HOWARD, J., concur.

---

4. Several recent decisions of the Southern District of this court appear to hold that even though the issues of damages, attorney fees and costs remain for disposition, a summary judgment can be certified for early appeal under Rule 74.01(b). *Gunter v. City of St. James*, 91 S.W.3d 724, 726–27 (Mo.App. 2002); *L.R. Oth, Inc. v. Albritton*, 90 S.W.3d 242, 243 (Mo.App.2002). However, it is well settled that Rule 74.01(b) cannot be invoked

unless a complete claim is resolved, *Pen–Yan Inv., Inc.*, 952 S.W.2d at 308, and, clearly, in summary judgment cases where the issue of damages and attorney fees remain, the claim is not subject to early appeal under Rule 74.01(b). *Lumbermens Mut. Cas. v. Thornton*, 36 S.W.3d 398, 402 (Mo.App.2000); *Rheem Mfg. Co. v. Progressive Wholesale Supply Co.*, 28 S.W.3d 333, 343 (Mo.App.2000).