**Kennedy JONES, Respondent,**

v.

**THE HOUSING AUTHORITY OF KANSAS CITY, Missouri, Appellant.**

**No. WD 64200.**

Missouri Court of Appeals, Western District.

Aug. 16, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 2005.

Application for Transfer Denied Nov. 22, 2005.

See also 118 S.W.3d 669.

David C. Vogel, Kansas City, MO, for Respondent.

Kevin R. Thomas, Kansas City, MO, for Appellant.

Before BRECKENRIDGE, P.J., LOWENSTEIN and HARDWICK, JJ.

HAROLD L. LOWENSTEIN, Judge.

This is the second appeal in what otherwise might have been a simple lawsuit interpreting the Missouri Sunshine Law,

Sections 610.010–610.027.[1] Much of the factual background of this controversy is contained in *Jones v. Housing Authority of Kansas City, Missouri*, 118 S.W.3d 669 (Mo.App.2003). This case seeks a determination as to what records a public governmental body that oversees subsidized housing must disclose in response to a request for records that contain identifying information of a housing authority's tenants.

In December of 2000, the respondent, Kennedy F. Jones, d/b/a Shiloh Ridge Apartments, sought the following information from the appellant, Housing Authority of Kansas City, Missouri ("HAKC"): (1) information on a purported tenant of Section 8 (federally funded assistance) housing, including her social security number as well as present and past addresses; (2) information as to landowners, owners and managers, since January 1,1993, of all public housing programs in Kansas City; and (3) the same detailed information, including the social security number and birthdates, of all tenants who had participated in Section 8 or Missouri Housing Development programs from January 1, 1993, to the present date. HAKC supplied the information regarding the landlords, owners and managers (in response to request (2) above) in January of 2001. However, it did not provide records pertaining to the individual tenant or to all other tenants who were beneficiaries of government-assisted housing.

These facts are undisputed; therefore, this court's only determination is a question of law. At issue is whether the requested information is exempted from disclosure as a "closed record" under the Missouri Sunshine Law. The trial court entered summary judgment in favor of Jones.

### FACTS

Jones filed this suit, titled petition for "Mandamous [sic] and Mandatory Injunction," seeking information about the particular tenant and all tenants who had lived in Section 8 housing since 1993 and requesting attorney fees for HAKC's knowing violation of the Sunshine Law. In its defense, HAKC maintained that the requested records were protected by a disclosure exemption within the Sunshine Act, Section 610.021(8), and denied that its actions constituted a knowing violation of the Act under Section 610.027.3. It also moved for summary judgment, but did not raise any federal privacy act violations or specifically challenge Jones requesting tenants' social security numbers. The trial court ultimately entered summary judgment for Jones on the disclosure of information, but denied his request for attorney fees. Both sides appealed. This court found that a record had not been made on the issue of attorney fees and, therefore, dismissed the appeal for lack of a final judgment. *Jones*, 118 S.W.3d at 676.

After the case was remanded, the trial court again sustained Jones' motion for summary judgment on the applicability of the Sunshine Law and compelled HAKC to supply the requested information within five days. This time, however, the court found that HAKC had purposefully violated Missouri's Sunshine Law and, therefore, sustained summary judgment in favor of Jones for attorney fees in the amount of $10,154.31.[2]

---

1. All statutory references are to RSMo. (2000) unless otherwise indicated.

2. The trial court's June 20, 2002 judgment, which was the subject of the first appeal, found that HAKC had violated the Sunshine

Act, but did not do so purposefully so as to warrant an award of attorney fees. Immediately after the case was remanded, Jones filed a "Motion to Enforce" the June 2002 judgment that this court sent back as not yet being

The four points now raised by HAKC on appeal can be boiled down into two issues: (1) Does the requested information fall under the "welfare cases" exception, Section 610.021(8), causing them to be "closed records" of a public agency; and, if not, (2) Has HAKC knowingly violated the Act by denying access to the requested records?

## ARGUMENT

This court's review of a grant of summary judgment is governed by *ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993); because this case presents solely a question of law, it shall be reviewed *de novo*.

Here, as is often the case, two sets of laws—both with salutary purposes—conflict in a way so as to prevent an obvious resolution. The legislature has stated that the Sunshine Law is to be liberally construed, Section 610.011.1, that there is a presumption that public records are open unless specifically exempted, Section 610.022.5, and that any statutory exceptions are to be strictly construed, Section 610.011.1.

For HAKC to prevail, the requested information must fall within an exception to the Sunshine Law. Section 610.021(8) lists "[w]elfare cases of identifiable individuals" as one such exception. The question remains, do the records containing detailed identifying information regarding the particular tenant (e.g., social security number, address, past employers, and past residences) and all tenants who have lived in Section 8 housing since 1993 (e.g., full names, birthdates, social security numbers, the addresses of the premises involved, dates of entering and leaving the premises, and the amount of rent paid) constitute "welfare cases of identifiable individuals"?

The term "welfare" or "welfare cases" is not defined in the Sunshine Law or in the Housing Authorities Law, Sections 99.010–99.230. The Housing Authority Law does, however, contain language allowing housing projects to provide "housing, for persons of moderate income, offices, [and] stores ... provided that such activities be undertaken only in conjunction with the provision of housing for persons of very low and lower income." § 99.020(12)(b). This area of the law also acknowledges that there is a shortage of safe accommodations persons of low income can afford and allows local communities to set up these authorities to provide safe and sanitary dwellings. § 99.030. Section 99.030(3) further declares, "the providing of safe and sanitary dwelling accommodations for persons of low income are public uses and purposes for which public money may be spent."

Jones relies on the doctrine of *in pari materia* to argue that "housing authorities created under Chapter 99 R.S.Mo were not intended to be included in the meaning of '[w]elfare cases of identifiable individuals'

---

a final judgment. Over HAKC's objections, the trial court sustained the motion, ordering HAKC to comply "by providing 'records of welfare cases of identifiable individuals'" and further awarded Jones "reasonable attorney fees in accordance with the Sunshine Laws and invites Plaintiff's counsel to submit a time record of his efforts and his hourly rate." Jones then filed a new motion for summary judgment on entitlement to the records and attorney fees. In sustaining this motion, which is the judgment now on appeal, the court stated that the June 2002 judgment "be and hereby is confirmed and Defendant shall within five (5) days provide Plaintiff all information requested." The information Jones was ordered to provide included records on (1) the individual tenant, (2) landlords, owners and managers since 1993 (which had already been supplied in January of 2001), and (3) all tenant participants since 1993. The judgment went on to award attorney fees without mentioning that HAKC's violation was "knowing" under Section 610.027.

under the Sunshine Law." He also asserts that housing assistance is not "welfare," since other statutes relating to health and welfare programs do not reference or include Section 8 housing, particularly Section 205.967.1(1).[3]

The fact that Chapter 99 housing authorities are not expressly listed in Section 205.967.1(1) does not imply that subsidized housing and/or paying less than the market rate for a lease is not "welfare" or "public assistance." Indeed, this statute explicitly states that public assistance benefits means "anything of value," including "shelter." § 205.967.1(1). The legislature's intent behind creating public housing is apparent from Section 99.030, which states that "providing of safe and sanitary dwelling accommodations for persons of low income are public uses and purposes for which public money may be spent . . . and are governmental functions of state concern." This very direct language, coupled with the language contained in Sections 99.020(12),[4] 99.090,[5] and 99.100,[6] makes quite clear Missouri's policy to provide adequate housing to persons of low income through subsidized housing.

Because of the legislative intent in Chapter 99 that a local housing authority provide low-cost housing to low-income persons, it is not necessary to resort to a dictionary definition of "welfare" or "welfare cases" to resolve this dispute under the Missouri Sunshine Law. The operative words in Section 610.021(8) are "welfare" and "identifiable individuals." Although the word "cases" following "welfare" may arguably create some ambiguity, the legislature has otherwise expressed a clear mandate to exclude information about identified persons who, because of need, receive government assistance for shelter.

This court believes that preventing the disclosure of individuals' highly personal identifying information trumps the public's access to these specific records. The stigma of releasing the name, address(es), birthdate, and social security number of persons who live, or have lived, in public housing since 1993 far outweighs any benefit from making this information public. If the legislature so desires, a further refinement specifying what types of housing authority records constitute public records may be in order.

Having determined that the trial court erred in granting summary judgment in favor of Jones since the requested information fell within an exception to Missouri's Sunshine Law, this court need not

---

3. Subsection 205.967.1(1) defines "[p]ublic assistance benefits, programs and services" as:

> anything of value, including money, food, food stamps, commodities, clothing, utilities, utilities payments, shelter, drugs and medicine, materials, goods, and any service, including institutional care, medical care, dental care, child care, psychiatric and psychological service, rehabilitation instruction, training, or counseling provided pursuant to chapters 198, 207, 208, 209, and 660, RSMo, or benefits, programs, and services provided or administered by the department of social services[.]

4. Section 99.020(12)(b) states that a "[h]ousing project" means any work or undertaking "[t]o provide decent, safe and sanitary urban or rural dwellings, apartments or other living accommodations for persons of very low and lower income."

5. Section 99.090.1 declares Missouri policy to be "that each housing authority shall manage and operate housing projects owned by it in an efficient manner so as to enable it to fix the rentals for its very low and low-income tenants at the lowest possible rates."

6. Section 99.100.1(1) dictates that a housing project "may rent or lease the dwelling accommodations therein only to persons of very low income, low income or moderate income and at rentals within the financial reach of such persons."

address the award of attorney fees. Accordingly, the trial court's judgment is reversed, and the cause remanded to enter summary judgment in favor of HAKC.

All concur.