

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| GLASGOW SCHOOL DISTRICT, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | WD81878 |
| | ) | |
| HOWARD COUNTY CORONER, | ) | Opinion filed:  April 16, 2019 |
| | ) | |
| Appellant. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF HOWARD COUNTY, MISSOURI**
**THE HONORABLE SCOTT ALAN HAYES, JUDGE**

Before Special Division:  Edward R. Ardini, Jr., Presiding Judge,
Anthony Rex Gabbert, Judge and Kelly Broniec, Special Judge

The Howard County Coroner ("the Coroner") appeals the trial court's grant of partial summary judgment in favor of the Glasgow School District ("the School District"). The trial court found that the Coroner had wrongfully denied the School District access to open public records in violation of the Missouri Sunshine Law. The trial court left unresolved whether the Coroner's violation was knowing or purposeful, and did not decide issues relating to the imposition of civil penalties and the award of attorney fees and costs. At the request of the Coroner, the trial court entered judgment pursuant to Rule 74.01(b).[1] We find, however, that the trial court's grant of partial summary judgment in favor of the School District did not fully adjudicate a distinct judicial

---

[1] All rule references are to the Missouri Court Rules 2018. All statutory references are to RSMo 2016.

unit and is therefore not an appealable judgment. Accordingly, we dismiss the appeal for lack of jurisdiction.

## Factual and Procedural Background

On January 31, 2017, the Coroner held an inquest regarding the death of K.S.[2] The inquest was conducted at the Howard County Courthouse before six jurors and was open to the general public. Several exhibits were offered during the inquest and a court reporter was present and recorded the proceeding.

On March 2, 2017, the School District sent the Coroner a written "request for records under the Missouri Sunshine Law, Chapter 610, Revised Statutes of Missouri."[3] The School District specifically requested "[t]he hearing transcript, as well as all associated documents and exhibits presented" at the inquest. The Coroner responded by e-mail on March 13, 2017, indicating the requested records "were not open records" because they were "part of [the special prosecutor's] criminal investigation." The Coroner advised that once the special prosecutor "release[d] these records" he would "make copies."

The School District filed this action to obtain access to the records, alleging that the Coroner violated the Sunshine Law by failing to adequately respond to the School District's written request for records and by wrongfully denying access to open public records. The School

---

[2] A coroner "shall take inquests of violent and casual deaths happening in [his county]." § 58.180. The purpose of an inquest is to inquire "how and by whom such person came to his death." *Crenshaw v. O'Connell*, 150 S.W.2d 489, 491 (Mo. App. 1941); *see also* § 58.260 ("Every coroner, having been notified of the dead body of any person, supposed to have come to his or her death by violence or casualty, being found within his county, may make out his or her warrant, directed to the sheriff of the county where the dead body is found, requiring him or her forthwith to summon a jury of six good and lawful citizens of the county, to appear before such coroner, at the time and place in his or her warrant expressed, and to inquire how and by whom he or she came to his or her death.").

[3] "Missouri's Sunshine Law, Chapter 610, reflects the state's commitment to openness in government" and provides that "meetings, records, votes, actions, and deliberations of public governmental bodies be open to the public unless otherwise provided by law." *The News-Press & Gazette Co. v. Cathcart*, 974 S.W.2d 576, 578 (Mo. App. W.D. 1998).

District contended that the Coroner "purposefully or, in the alternative, knowingly failed to produce the records requested on March 2, 2017."[4] The School District requested the trial court (1) declare the requested records open and not subject to any exception that would permit them to be closed; (2) enter an injunction requiring the Coroner to provide the School District with copies of the records; (3) find the Coroner purposely, or in the alternative, knowingly violated the Sunshine Law; (4) impose a civil penalty against the Coroner; and (5) award the School District attorney fees and costs as authorized by the Sunshine Law.

In his answer, the Coroner admitted that his office is a public governmental body subject to the Missouri Sunshine Law, but denied that his actions had violated the provisions of Chapter 610. The Coroner asserted as an affirmative defense that the office of the Coroner is a law enforcement agency and, as such, any record of the inquest is an investigative report exempt from disclosure under section 610.100.1(5).[5]

The School District filed a Motion for Partial Summary Judgment, arguing that the uncontroverted material facts demonstrated that the Coroner's office is not a law enforcement agency and that the requested records are not "investigative reports" that can be closed under section 610.100. The School District requested the trial court "enter partial summary judgment in

---

[4] A public governmental body that is found to have knowingly violated the Sunshine Law shall be subject to a civil penalty in an amount up to one thousand dollars and may be ordered to pay all costs and reasonable attorney fees to the party establishing the violation. § 610.027.3. A public governmental body that is found to have purposely violated the Sunshine Law shall be subject to a civil penalty in an amount up to five thousand dollars and shall be ordered to pay all costs and reasonable attorney fees to the party establishing the violation. § 610.027.4.

[5] Section 610.100.1(5) defines an "investigative report" as "a record, other than an arrest or incident report, prepared by personnel of a law enforcement agency, inquiring into a crime or suspected crime, either in response to an incident report or in response to evidence developed by law enforcement officers in the course of their duties[.]" "[I]nvestigative reports of all law enforcement agencies are closed records until the investigation becomes inactive." § 610.100.2(2).

its favor" and "enter an injunction requiring [the Coroner] to provide [the School District] with copies of the records requested." The Coroner opposed the Motion for Partial Summary Judgment.

On October 9, 2017, the trial court granted the School District's Motion for Partial Summary Judgment. The trial court found that the Coroner wrongfully denied the School District access to open public records, that the Coroner's office is not a "law enforcement agency," and that it "cannot close the records requested by [the School District] as 'investigative reports.'" The trial court ordered the Coroner to provide the School District "with copies of the transcript made of, and all exhibits offered during, the Howard County Coroner's Inquest held on or around January 31, 2017[.]"[6]

The Coroner filed a Motion to Amend Judgment Pursuant to Rule 74.01(b).[7] The Coroner acknowledged in his motion that the judgment entered by the trial court was interlocutory in that it "did not dispose of all claims and remedies requested" in the School District's Petition. The Coroner asked that the judgment "be certified under Rule 74.01(b) with an express statement that there is no just cause for delay, allowing an appeal of this order[.]" The School District opposed the motion. It argued that the trial court could not make an express finding of "no just cause for delay" and enter judgment pursuant to Rule 74.01(b) because "that Rule cannot be invoked by a trial court unless one complete claim is fully adjudicated."[8] The School District maintained that

---

[6] The Court was informed by the parties that a copy of the transcript of the inquest has been produced by the Coroner to the School District. Access to the exhibits offered at the inquest remains in dispute.

[7] As discussed in further detail below, Rule 74.01(b) provides that when more than one claim for relief is presented in an action, the court may enter a judgment as to one or more but fewer than all of the claims "only upon an express determination that there is no just reason for delay."

[8] Despite asserting to the trial court that it lacked authority to invoke Rule 74.01(b), the School District expressed at oral argument no objection to this appeal proceeding forward. While the parties' desire to resolve the important issues raised in this appeal in an expeditious manner is certainly understandable and is shared by this Court, appellate jurisdiction cannot be conferred by agreement of the parties. *See Jackson County v. McClain Enters., Inc.*, 190 S.W.3d 633, 637 (Mo. App. W.D. 2006) ("Regardless whether the parties agree that this court has jurisdiction, an appellate court must determine *sua sponte* whether it has jurisdiction to entertain an appeal.").

the trial court had not fully disposed of its claim against the Coroner for violation of Missouri's Sunshine Law, noting its requests for costs, attorney fees and civil penalties remained pending before the trial court. The trial court took the motion under advisement.

The School District filed another Motion for Summary Judgment, this time seeking the additional finding that the Coroner's violation of Chapter 610 was knowing or purposeful. The School District requested the trial court enter a civil penalty against the Coroner and order the Coroner to pay the reasonable attorney fees incurred by the School District.

On June 14, 2018, the trial court issued its Findings of Fact, Conclusions of Law, and Judgment. The trial court did not rule on the School District's second motion for summary judgment. Rather, the trial court explained that: "After further review of the [School District's] Motion for Partial Summary Judgment and [the Coroner's] motion requesting this Court to amend and/or certify the Partial Summary Judgment entered on October 9, 2017 . . . the Court enters the following findings of fact, conclusions of law and judgment[.]" The trial court restated its previous findings that the Coroner wrongfully denied the School District access to open public records, that the Coroner's office is not a "law enforcement agency," and that it "cannot close the records requested by [the School District] as 'investigative reports.'" Unlike in the previous judgment, however, the trial court "order[ed] that this Judgment be certified final under Rule 74.01(b) as the Court finds there to be no just cause for delay." "The Court order[ed] that the Clerk of the Court enter a final appealable judgment on the basis of the Judgment entered herein."

This appeal followed.

## Analysis

Although neither party on appeal has questioned our jurisdiction, the Court "has an obligation, acting *sua sponte* if necessary, to determine its authority to hear the appeals that come

5

before it." *First Nat'l Bank of Dieterich v. Pointe Royale Prop. Owners' Ass'n, Inc.*, 515 S.W.3d 219, 221 (Mo. banc 2017). "A prerequisite to appellate review is that there be a final judgment." *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997). If the trial court's judgment is not final, the reviewing court lacks jurisdiction and the appeal must be dismissed. *Id.* A final judgment resolves all issues in the case, leaving nothing for future determination. *Id.*

"Rule 74.01(b) provides an exception to this 'finality rule' for cases with multiple claims." *Id.* When an action presents "more than one claim for relief," the trial court "may enter a judgment as to one or more but fewer than all of the claims" if the trial court makes an "express determination that there is no just reason for delay." Rule 74.01(b). However, "Rule 74.01(b) cannot be invoked by a trial court unless . . . one complete claim is fully adjudicated." *Jones v. Hous. Auth. of Kan. City, Mo.*, 118 S.W.3d 669, 676 (Mo. App. W.D. 2003).

The question here is whether the trial court entered judgment on a fully adjudicated claim. A judgment cannot be certified as final pursuant to Rule 74.01(b) "unless it disposes of at least one distinct 'judicial unit.'" *First Nat'l Bank of Dieterich*, 515 S.W.3d at 222; *see also Gibson*, 952 S.W.2d at 244 ("Although a circuit court may designate its judgment final as to particular claims, the designation is effective only when the order disposes of a distinct 'judicial unit.'"). "[F]or a ruling to dispose of a 'distinct judicial unit,' there ha[s] to be a final judgment on a *claim*, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the *claim*." *Buemi v. Kerckhoff*, 359 S.W.3d 16, 22 (Mo. banc 2011) (emphasis in original) (quoting *Gibson*, 952 S.W.2d at 244). "It is 'differing,' 'separate,' 'distinct' transactions or occurrences that permit a separately appealable judgment, not differing legal theories or issues presented for recovery on the same claim." *Gibson*, 952 S.W.2d at 244; *see also Comm. for Educ. Equal. v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994) ("[A] judgment that

6

disposes of only one of several remedies and leaves other remedies relating to the same legal rights open for future adjudication is not a final judgment under Rule 74.01(b)."). "The designation by a trial court that its order is final and appealable is not conclusive." *Gibson*, 952 S.W.2d at 244. Rather, "[i]t is the content, substance, and effect of the order that determines finality and appealability." *Id*.

In the present appeal, despite its designation under Rule 74.01(b), we find the trial court did not fully dispose of a distinct judicial unit. This case involves a single claim for violation of Missouri's Sunshine Law by the Coroner. Components of this claim include (1) whether the Coroner wrongfully denied the School District access to open public records in violation of Chapter 610; (2) whether the alleged violation was purposeful or knowing; and (3) whether civil penalties should be imposed against the Coroner and attorney fees and costs of litigation awarded to the School District. The trial court's ruling on the motion for partial summary judgment resolved only the threshold element of the School District's claim—that the Coroner wrongfully denied the School District access to public records in violation of Chapter 610. Left to be adjudicated is whether the violation was done "knowingly" or "purposely" and whether, as a result, the Coroner will be subject to the imposition of civil penalties and ordered to pay the School District's costs and attorney fees. These unresolved issues are not separate, independent claims but instead were factually intertwined with, and part and parcel to, the claim of the School District's right to have access to the Coroner's records.[9] *See Jones*, 118 S.W.3d at 675 (whether entity purposely violated

---

[9] We draw additional support for our decision from cases involving punitive damages, which, like civil penalties and attorney fees, are awarded to "inflict[] punishment for wrongdoing and as an example and deterrent to similar conduct." *Jones*, 118 S.W.3d at 675. In such cases, we have held that a request for punitive damages is not a separate claim from the underlying claim giving rise to the request. *See, e.g.*, *Jensen v. Howard*, 926 S.W.2d 77, 78 (Mo. App. W.D. 1996) ("That a petition seeks punitive damages in addition to other relief does not transform it into an action seeking 'more than one claim for relief' under Rule 74.01(b)."); *Birdsong v. Bydalek*, 905 S.W.2d 896, 898 (Mo. App. S.D. 1995) (finding the trial court's order disposing of actual, but not punitive, damages was not a final judgment because "[a]n action seeking both actual and punitive damages is a single claim.").

the Sunshine Law entitling other party to attorney fees and statutory penalties pursuant to section 610.027 was factually intertwined with the underlying claim of right to access to the records). Because the trial court's ruling did not fully resolve all issues relating to the School District's claim for access to the Coroner's records, it did not dispose of a distinct judicial unit. *See Gibson*, 952 S.W.2d at 244; *see also Jones* 118 S.W.3d at 676 (Rule 74.01(b) cannot be invoked by the trial court in action brought to gain access to records under the Sunshine Law where claim for attorney fees under section 610.027 is still pending).

The School District's request for the imposition of statutory penalties and an award of attorney fees and costs is "part of a single claim for violation of the Missouri Sunshine Law." *See Jones*, 118 S.W.3d at 675. Thus, the trial court's purported judgment—which left those issues unresolved—did not adjudicate a distinct judicial unit and is not an appealable judgment under Rule 74.01(b). As a result, we must dismiss this appeal for lack of jurisdiction.

## Conclusion

For the reasons stated above, this appeal is dismissed for lack of jurisdiction.

_____

EDWARD R. ARDINI, JR., JUDGE

All concur.