

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | |
|---|---|
| ELIZABETH BUTALA, et al.,<br><br>                          **Appellants,**<br><br>**v.**<br><br><br>THE CURATORS OF THE<br>UNIVERSITY OF MISSOURI,<br><br>                       **Respondent.** | **WD82810 (Consolidated with WD82811, WD82812, WD82813, WD82814, WD82815, WD82816, and WD82817)**<br><br>**OPINION FILED:<br>March 24, 2020** |

**Appeal from the Circuit Court of Boone County, Missouri
The Honorable J. Hasbrouck Jacobs, Judge**

**Before Division One:** Thomas N. Chapman, Presiding Judge, and
Mark D. Pfeiffer and Anthony Rex Gabbert, Judges

This consolidated appeal relates to a procedural scenario in which one of numerous defendants was dismissed from certain similarly pled lawsuits that remain pending against the other defendants. Because the purported judgment of dismissal in each case below fails to "fully resolve at least one claim in a lawsuit and establish all the rights and liabilities of the parties with respect to that claim" and, as such, fails to qualify as a "judgment" pursuant to section 512.020(5),[1]

---

[1] All statutory references are to the REVISED STATUTES OF MISSOURI 2016, as supplemented.

*Wilson v. City of St. Louis*, No. SC97544, 2020 WL 203137 (Mo. banc Jan. 14, 2020), we are required to dismiss this consolidated appeal.

## Factual and Procedural Background[2]

The Curators of the University of Missouri ("Curators") is the governing body of the University of Missouri. The Mizzou BioJoint Center is affiliated with University of Missouri, and each of the individual defendants[3] is affiliated with the Mizzou BioJoint Center. Appellants[4] are Mizzou BioJoint Center patients (and their spouses asserting loss of consortium) who alleged that the defendants marketed and performed a surgical procedure using osteochondral allografts, a combination of bone and cartilage tissue taken from the joint of a deceased donor, implanted into multiple compartments and opposing surfaces of the knee joint in a single procedure. This procedure was advertised and marketed as Mizzou BioJoint Surgery, a viable alternative to artificial joint replacement surgery and equally as successful. The Mizzou BioJoint Surgery performed on each of the Appellants ultimately failed.

Between February and March, 2019, each of the appellants filed suit against the individual doctor defendants and Curators in the Circuit Court of Boone County ("trial court"). Against the individual defendant doctors, the appellants alleged medical malpractice, loss of chance of recovery, and in some instances, loss of consortium. But, against *all* the defendants, including

---

[2] In reviewing a judgment granting a motion to dismiss with prejudice, "[w]e assume all facts alleged in the petition are true and liberally construe all reasonable inferences in favor of the plaintiff." *Williams v. Bayer Corp.*, 541 S.W.3d 594, 599 (Mo. App. W.D. 2017) (citing *Smith v. Humane Soc'y of United States*, 519 S.W.3d 789, 798 (Mo. banc 2017)).

[3] The lawsuits below against the individual defendants (Dr. James Stannard, Dr. Mauricio Kfuri, and Dr. James Cook) remain pending and, for reasons discussed in our ruling today, this procedural scenario impacts our statutory authority to consider the present appeal. The individual defendants are not parties to this appeal.

[4] Elizabeth Butala, Cal Clark, Raymond and Chelsea Hackler, Monica and Johnny Palmer, Daniel and Mary Draper, Mike Butterfield, Amanda and Matt Reinsch, Ken Browne and Elizabeth Vasseur-Brown, John and Lisa Jaggie, Ronda and James Higginbotham, and Christopher and Leanne Cummings are the appellants herein.

Curators, Appellants alleged that the defendants violated the Missouri Merchandising Practices Act ("MMPA") by making misleading advertisements about joint surgery.[5]

Curators filed motions to dismiss in each of the lawsuits, asserting sovereign immunity and other statutory grounds entitling it to dismissal. The trial court entered judgments of dismissal in each lawsuit on May 22, 2019, in which it dismissed Curators from each of the lawsuits, with prejudice, as to all claims asserted against Curators in the underlying litigation. And, though the trial court certified its respective judgments relating to Curators' dismissal to be final and certified them for immediate appeal pursuant to Rule 74.01(b),[6] the counts that had been alleged against *all* of the defendants in the lawsuits below (including the MMPA count) remained pending against the individual doctor defendants.

Appellants appealed from the judgments of dismissal, asserting trial court error in application of its statutory interpretation of the MMPA, sovereign immunity, Rule 67.06, and other constitutional challenges. We dismiss this consolidated appeal.

**Jurisdiction**

Although neither party raises jurisdictional concerns,[7] before addressing the merits of an appeal, this court has a duty to determine *sua sponte* whether we have appellate jurisdiction. *First Nat'l Bank of Dieterich v. Pointe Royale Prop. Owners' Ass'n, Inc.*, 515 S.W.3d 219, 221 (Mo. banc 2017). If this court lacks jurisdiction to entertain an appeal, the appeal must be dismissed. *Glasgow Sch. Dist. v. Howard Cty. Coroner*, 572 S.W.3d 543, 547 (Mo. App. W.D. 2019). Recently, the Missouri Supreme Court in *Wilson v. City of St. Louis*, No. SC97544, 2020 WL

---

[5] Appellants also alleged constitutional challenges and, in some instances, negligent misrepresentation against all of the defendants. Though the purported judgments of dismissal dismissed Curators from all of the counts in the separate lawsuits that made claims against Curators, each of the counts that were alleged by some or all of the appellants below against *all* defendants below remains pending against the individual doctor defendants.

[6] All rule references are to I MISSOURI COURT RULES – STATE 2019.

[7] Before oral argument, however, the Court invited the parties to submit legal briefing on the topic of this Court's jurisdiction.

203137 (Mo. banc Jan. 14, 2020), clarified the analysis of what rulings of trial courts constitute "judgments" and, of those rulings, which are "final" for purposes of appeal. Based upon our Missouri Supreme Court's guidance in *Wilson*, we have no choice but to dismiss this consolidated appeal.

## Analysis

"'The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists.'" *First Nat'l Bank of Dieterich*, 515 S.W.3d at 221 (quoting *Buemi v. Kerckhoff*, 359 S.W.3d 16, 20 (Mo. banc 2011)). The statute pertinent to this case is section 512.020(5), which provides, in relevant part:

> Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his or her appeal to a court having appellate jurisdiction from any:
>
> . . . .
>
> (5) **Final judgment** in the case or from any special order after final judgment in the cause . . . .

(Emphasis added.) For purposes of section 512.020(5), a "final judgment" must satisfy two criteria: (1) "it must be a judgment (*i.e.*, it must fully resolve at least one claim in a lawsuit and establish all the rights and liabilities of the parties with respect to that claim)"; *and* (2) "it must be 'final,' either because it disposes of all claims (or the last claim) in a lawsuit, or because it has been certified for immediate appeal pursuant to Rule 74.01(b)." *Wilson*, 2020 WL 203137, at \*5.

> As to step 2 in the "final judgment" analysis:
>
> A judgment is eligible to be certified under Rule 74.01(b) only if it disposes of a 'judicial unit' of claims, meaning it: (a) disposes of all claims by or against at least one party, or (b) it disposes of one or more claims that are sufficiently distinct from the claims that remain pending in the circuit court.

*Id.*

The teaching of *Wilson* is, however, that the "final judgment" analysis is a *conjunctive* two-step analysis and *not* a *disjunctive* analysis. One must have *both* a judgment *and* finality in order to appeal pursuant to section 512.020(5).[8]

Here, Appellants appeal from the trial court's May 22, 2019 judgments, dismissing Curators from each action with prejudice and certifying each judgment under Rule 74.01(b) as a final judgment for purposes of appeal. The question before this court is whether the judgments in this consolidated appeal were *eligible* for certification under Rule 74.01(b).[9] In other words, *before* analyzing step 2 in the "final judgment" formula (*i.e.*, the trial court's Rule 74.01(b) certification), we must *first* analyze step 1—whether the trial court's dismissal ruling constitutes a "judgment."

> There is persistent confusion surrounding the issues of what a judgment is, what form it takes, and when it is entered. The first, and most important, of these issues is definitional: a judgment is a legally enforceable judicial order that *fully resolves* at least one claim in a lawsuit and establishes *all the rights and liabilities of the parties with respect to that claim*.

*State ex rel. Henderson v. Asel*, 566 S.W.3d 596, 598 (Mo. banc 2019) (emphasis added). And, though Rule 55.05 defines the word "claim" as that term is used in litigation within this state,[10] our Supreme Court has also cautioned that seeking *multiple* forms of relief with respect to *one* set of facts is still *one claim*. *Wilson*, 2020 WL 203137, at *6 ("Even if multiple forms of relief are sought with respect to one set of facts, it is still one claim, and an order resolving some prayers for relief and not others does not fully resolve that claim and is not a judgment as defined in *Asel*.").

---

[8] In *Wilson v. City of St. Louis*, No. SC97544, 2020 WL 203137, at *8 (Mo. banc Jan. 14, 2020), the Supreme Court took care to note that the previous Supreme Court precedent of *Gibson v. Brewer*, 952 S.W.3d 239, 244 (Mo. banc 1997), was incorrect to the extent that it stated that Rule 74.01(b) was an "exception" to the mandate that only "final judgments" are appealable.

[9] "[T]he question of whether a judgment is eligible for certification under Rule 74.01(b) is a question of law on which the circuit court has no discretion; only the question of whether an eligible judgment should be certified under Rule 74.01(b) is left to the sound exercise of the circuit court's discretion." *Wilson*, 2020 WL 203137, at *12-13.

[10] A "claim" is "(1) a short and plain statement of the facts showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which the pleader claims to be entitled." Rule 55.05.

Applied in the context of this consolidated appeal, every set of facts that are relevant to any claim or claims against Curators are also relevant to the identical claim or claims that are made against the individual defendant doctors—who remain subject to liability for such claim or claims in the pending litigation. Hence, the purported judgments of dismissal as to Curators have not "fully resolved" at least one claim in a lawsuit nor established "all the rights and liabilities of the parties with respect to that claim." *See Wilson*, 2020 WL 203137, at *7. Simply put, then, these rulings of dismissal by the trial court cannot be designated as "judgments" in the first instance.

Consequently, because the May 22, 2019 judgments are not "judgments," they cannot be "final judgments" as that phrase is used in section 512.020(5). *See id.* "As a result, there is no need to consider whether [they] are eligible for certification under Rule 74.01(b) on the ground that [they] resolve[ ] a 'judicial unit' of claims." *Id.*

### Conclusion

This consolidated appeal is dismissed for lack of jurisdiction because the judgments appealed from are not "final judgments" as that phrase is used in section 512.020(5).

/s/ *Mark D. Pfeiffer*

Mark D. Pfeiffer, Judge

Thomas N. Chapman, Presiding Judge, and Anthony Rex Gabbert, Judge, concur.