

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| WILLA HYNES, | ) | |
| | ) | |
| Appellant-Respondent, | ) | WD85329 consolidated with |
| v. | ) | WD85361 |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | OPINION FILED:  April 4, 2023 |
| CORRECTIONS, | ) | |
| | ) | |
| Respondent-Appellant. | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
**Honorable Daniel Richard Green, Judge**

**Before Division Four: Gary D. Witt, Chief Judge,**
**Alok Ahuja, Judge and Janet Sutton, Judge**

The Missouri Department of Corrections (DOC) appeals the Cole County Circuit Court's

(trial court) grant of partial summary judgment in favor of Willa Hynes (Hynes).  Hynes

conditionally cross-appeals and moves to dismiss and for damages for frivolous appeal.  The trial

court found that the DOC wrongfully denied Hynes' access to open public records in violation of

the Missouri Sunshine Law.  The trial court, however, left unresolved whether DOC's violation

was knowing or purposeful and did not decide issues relating to the imposition of civil penalties

and the award of costs and attorney fees.  At the DOC's request, the trial court entered judgment

under Rule 74.01(b).[1]  We find that the trial court's grant of partial summary judgment in Hynes' favor did not fully adjudicate a distinct judicial unit and is therefore not an appealable judgment. Accordingly, we dismiss the appeals for lack of jurisdiction and deny Hynes' motions.

## Factual and Procedural Background[2]

On April 4, 2021, Hynes' son, Jahi Hynes, died while in the DOC's custody at Southeast Correctional Center in Charleston, Missouri.  That same day, the DOC called Hynes and informed Hynes of his passing, saying her son had "hurt himself" and that the DOC could not release further information about his death.  On April 5, Hynes called the DOC's warden, asking

---

[1]  Unless otherwise noted, all statutory citations refer to the Revised Statutes of Missouri 2016, as updated, and all rule citations refer to the 2021 Missouri Supreme Court Rules. Rule 74.01(b) states:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.  In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

[2]  As *Green* states:

> The record below is reviewed in the light most favorable to the party against whom summary judgment was entered, and that party is entitled to the benefit of all reasonable inferences from the record.  However, facts contained in affidavits or otherwise in support of the party's motion are accepted as true unless contradicted by the non-moving party's response to the summary judgment motion.

*Green v. Fotoohighiam*, 606 S.W.3d 113, 116 (Mo. banc 2020) (citation omitted).  Since summary judgment was ordered against the Missouri Department of Corrections (DOC), we review the record in the light most favorable to DOC.

about what happened to her son, and the warden told Hynes that "he could not tell [her] what happened because it was under investigation."

On May 4, 2021, Hynes, through her attorney, requested her son's records from the DOC's records custodian under the Missouri Sunshine Law. The DOC, however, denied Hynes' request, stating her son's records were "closed."

After several months of correspondence between Hynes and the DOC, including more requests from Hynes, on August 20, 2021, Hynes filed a petition for injunctive and declaratory relief against the DOC in the trial court. In her petition, Hynes asked the trial court to declare the DOC knowingly and purposefully violated the Sunshine Law under section 610.027 and to issue a temporary restraining order and preliminary injunction ordering the DOC to produce all requested records to Hynes within ten days of the trial court's order. In a second count, Hynes requested the trial court order production of medical records in the DOC's possession.

The DOC filed a motion to dismiss in September, which the trial court overruled after a hearing. With portions of the requested records not yet disclosed, Hynes filed her motion for summary judgment and a statement of uncontroverted facts in December 2021. The DOC responded to Hynes' motion for summary judgment in January 2022, and Hynes replied in February. At that point, the DOC had partially complied with Hynes' requests, providing Hynes with a copy of her son's autopsy report, his medical records, and portions of his offender records.

The trial court held the summary judgment hearing in March 2022. Hynes argued for partial summary judgment, but stated that she was not seeking summary judgment "on the issue of [DOC's] knowing and purposeful violation" of the Sunshine Law.

The trial court stated that it intended to rule in Hynes' favor. On the issue of the DOC's knowing and purposeful violation of the Sunshine Law, the trial court then told the DOC, "I

3

don't think the knowing deal is ripe yet for the [court]. I'm not going to make that decision because I think you guys are going to appeal it." The trial court also told the parties that "I don't think I'm going to find that [the DOC] [is] a law enforcement agency, but I'll mimic the language in the *Glasgow* case to say that at least as far as this case was concerned they were acting." The trial court then instructed Hynes to draft a proposed judgment to "[k]eep them guessing up there." The trial court then asked the DOC to provide the authority and proposed language to support that the judgment was appealable.

On April 5, 2022, Hynes submitted her proposed judgment to the trial court and a copy to the DOC. On April 6, 2022, Hynes sent an email to the DOC advising that it could not yet appeal under Rule 74.01 because the judgment was not final under *Glasgow Sch. Dist. v. Howard Cnty. Coroner*. Hynes attached a copy of *Glasgow* to her email and asked the DOC to advise the trial court that the partial summary judgment was not yet final for appeal purposes.

On April 7, 2022, the DOC then submitted its own proposed judgment, adding a section as to the judgment's appealability as directed by the trial court, but also substantially changing Hynes' proposed wording. The DOC changed the proposed judgment by removing any language saying the Sunshine Law violation alleged by Hynes was done "knowingly" and "purposely," by removing that the DOC had acted as a statutory law enforcement agency, by adding language about a protective order, by deleting that the issue of the DOC's "knowing" and purposeful" violation of chapter 610 be set for trial, and by removing the provision that the DOC provide Hynes with the records within five days of the date of the order. Most importantly, the DOC changed the final decree from "the judgment is granted in part" to "the judgment is granted." The DOC made these changes despite the trial court saying during the hearing that it would give the DOC "a chance to look at [Hynes'] judgment and change the language *that keeps the*

4

*judgment in [Hynes'] favor or keeps her theme . . . .*"  (Emphasis added).

On April 11, 2022, Hynes followed up with her own email to the trial court cautioning that, under *Glasgow*, the partial summary judgment was not final.  The trial court issued its judgment in April 2022, entering judgment in Hynes' favor declaring that the DOC violated the Sunshine Law by failing to produce the requested records.  Among its findings, however, the trial court found, "there remain disputed issues of material fact as to whether [the DOC's] violation of chapter 610 RSMo was done 'knowingly' and/or 'purposefully.'"  The trial court stated:

> The [c]ourt is aware of *Glasgow School District v. Howard County Coroner*, 572 S.W.3d 543 (Mo. App. W.D 2019) which held that the determination of a violation of the Sunshine Law was not a distinct judicial unit that would permit appeal before a determination of whether the violation was knowingly or purposely.  The [c]ourt believes that the determination of these issues involves separate facts and credibility issues that are distinct from the legal issues of whether certain documents are subject to disclosure.  The factual findings required by [section] 610.027.3 and .4 do not overlap with the findings required to determine the nature of the documents and the application of other portions of the Sunshine Law and related statutes to those documents.  The [c]ourt finds that the determination under [section] 610.027.3 and .4 is similar in nature to the findings required in an action under [sections] 536.085 and 536.087, which occur in a separate proceeding where the issue is substantial justification.

The trial court also stated that "the determination that [the DOC] violated the Sunshine Law is a distinct judicial unit and under Rule 74.01(b) enters this judgment finding that there is no just reason for delay and with the intent that it be immediately appealable."

Hynes filed a motion to amend the judgment or for a *nunc pro tunc* in May 2022.  In her motion, Hynes stated that the trial court found that there were disputed issues of material fact on whether the DOC knowingly or purposely violated the Sunshine Law and that the trial court denied summary judgment on that part of her claim.  Hynes further contended that *Glasgow* made it clear that a trial court cannot use Rule 74.01(b) unless one complete claim is fully

5

adjudicated.

Hynes then requested the trial court "to remove the finding that there is no just reason for delay of an appeal under Rule 74.01." The DOC replied without addressing the finality of the partial summary judgment, saying instead, "[Hynes'] motion is nothing more than unhappiness with this [c]ourt's ruling, which is the purpose of her appeal." After a hearing, the trial court denied Hynes' motion.[3]

The DOC appealed in April 2022, and Hynes conditionally cross-appealed soon after. This Court consolidated the two appeals. In June 2022, Hynes filed a combined motion to dismiss and motion for damages for frivolous appeal under Rule 84.19 with this Court, arguing that the partial summary judgment was not final and thus the DOC's appeal from a non-final judgment was "patently frivolous" and warranted damages under Rule 84.19. These motions were taken with the case.

## Legal Analysis

While Hynes and the DOC raise a combined eight points on appeal, we find Hynes' finality of judgment argument dispositive. In Hynes' first point on appeal, Hynes argues that the trial court's partial summary judgment was not final under Rule 74.01(b) because it "does not resolve plaintiff Hynes' claim that the department knowingly and purposely violated the Sunshine Law." We agree.

---

[3] We lack a transcript of this May 23, 2022, hearing, and thus lack an explanation of why the trial court failed to address the finality of the partial summary judgment.

## I. Appealing a Non-Final Judgment under *Glasgow*

"The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists." *Wilson v. City of St. Louis*, 600 S.W.3d 763, 767 (Mo. banc 2020) (citation omitted). Specifically, section 512.020(5), the statute applicable here, provides that "final judgments" are appealable.[4] *See id.* "If the trial court's judgment is not final, the reviewing court lacks jurisdiction and the appeal must be dismissed." *Glasgow Sch. Dist. v. Howard Cnty. Coroner*, 572 S.W.3d 543, 547 (Mo. App. W.D. 2019).

Rule 74.01(b) allows a trial court to certify a judgment that disposes of fewer than all claims as final for appeal purposes. Rule 74.01(b) provides a limited exception to the finality requirement for cases involving multiple claims. *Wilson*, 600 S.W.3d at 768–69. "A judgment cannot be certified as final pursuant to Rule 74.01(b) unless it disposes of at least one distinct judicial unit." *Glasgow*, 572 S.W.3d at 547 (citation omitted); *Wilson*, 600 S.W.3d at 769.

*Glasgow* states:

> "[F]or a ruling to dispose of a 'distinct judicial unit,' there ha[s] to be a final judgment on a *claim*, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the *claim*." "It is 'differing,' 'separate,' 'distinct' transactions or occurrences that permit a separately appealable judgment, not differing legal theories or issues presented for recovery on the same claim." "The designation by a trial court that its order is final and appealable is not conclusive." Rather, "[i]t is the content, substance, and effect of the order that determines finality and appealability."

---

[4] Section 512.020 provides, in relevant part:

> Any party to a suit aggrieved by any judgment…may take his or her appeal… from any (5) [f]inal judgment in the case or from any special order after final judgment in the cause; but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case.

*Id.* at 547–48 (citations omitted).

In *Glasgow*, our Court declared that the issues of whether a coroner violated the Sunshine Law and whether the violation was done "knowing" and "purposely" "were factually intertwined with, and part and parcel to, the claim of the [s]chool [d]istrict's right to have access to the [c]oroner's records." *Id.* at 548. Thus, "[b]ecause the trial court's ruling *did not fully resolve all issues* relating to the [s]chool [d]istrict's claim for access to the [c]oroner's records, *it did not dispose of a distinct judicial unit*." *Id.* (emphasis added); *see also Jones v. Hous. Auth. of Kansas City, Missouri*, 118 S.W.3d 669, 675 (Mo. App. W.D. 2003) (holding "the issue of whether [defendant] purposely violated the Missouri Sunshine Law, entitling Jones to attorney fees and statutory penalties . . . was factually intertwined with the underlying claim of Jones' right to access to [defendant's] records.").

The trial court must resolve the distinct judicial unit including *both* whether there was a Sunshine Law violation and whether the violation was done "knowingly" or "purposely," or the judgment is not final for appeal purposes under Rule 74.01(b).

Here, the trial court did not resolve all issues of the distinct judicial unit and therefore its judgment is not appealable under Rule 74.01(b). The trial court concluded (1) that the DOC did not act as a law enforcement agency, (2) that the DOC violated the Sunshine Law, and (3) that section 217.075.1 did not exempt records from disclosure. But the trial court then found that "there remain disputed issues of material fact as to whether [the DOC's] violation of chapter 610 RSMo was done 'knowingly' and/or 'purposely.'" The trial court, though it did not resolve this issue, nonetheless found, "the determination that [the DOC] violated the Sunshine Law is a distinct judicial unit and under Rule 74.01(b)" and was "immediately appealable."

The trial court was aware of *Glasgow*'s holding before rendering its own judgment. The trial court nonetheless concluded, "The [c]ourt believes that the determination of these issues

8

involves separate facts and credibility issues that are distinct from the legal issues of whether certain documents are subject to disclosure." The trial court's declaration that it resolved "a distinct judicial unit and under Rule 74.01(b) enters this judgment finding there is no just reason for delay[,]" is not conclusive. *See Glasgow*, 572 S.W.3d at 547–48.

Like *Glasgow*, the trial court failed to rule on the entirety of the distinct judicial unit. In her petition, Hynes asked the trial court for relief through civil penalties and to "award [her] costs and reasonable attorney's fees incurred in prosecuting this claim pursuant to RSMo [section] 610.027.3 due to [the DOC's] willful violation of the Sunshine Law . . . ." These damages depended on both the DOC's violation of the Sunshine Law, and that the violation was done "purposely" and "knowingly." *See Glasgow*, 572 S.W.3d at 548 (holding that the imposition of civil penalties and attorney fees due to a "violation that was done 'knowingly' or 'purposely'" are not separate, independent claims but factually intertwined with the claim of access to the records). We therefore lack jurisdiction to hear the appeals, and dismiss for lack of a final judgment under Rule 74.01.

Point I of Hynes' cross-appeal is granted. As this point is dispositive of both appeals, we need not reach the merits of the parties' remaining points.[5]

## II. Motion for Damages for Frivolous Appeal

Under Rule 84.19, "[i]f an appellate court shall determine that an appeal is frivolous it may award damages to the respondent as the court shall deem just and proper." "The purpose of Rule 84.19 is to prevent congestion of appellate dockets with unmeritorious cases and to compensate respondents for the time and cost of responding to a futile appeal." *Frawley v. Frawley*, 637 S.W.3d 140, 151 (Mo. App. W.D. 2021) (citation omitted).

---

[5] Hynes' motion to dismiss is deemed moot by this ruling, and therefore is denied.

Whether an appeal is frivolous is "considered on a case-by-case basis" and "the test generally used is whether the appeal presents any justiciable question and whether it is so readily recognizable as devoid of merit on the face of the record that there is little prospect of success." *Id.* (citation omitted). "Additionally, although an inadequate brief does not render an appeal frivolous, such a brief considered together with the record may reflect that no 'fairly debatable' issue exists to justify an appeal." *Brown v. Brown*, 645 S.W.3d 75, 84 (Mo. App. W.D. 2022) (quoting *Vanschoiack v. Adkins*, 854 S.W.2d 432, 435 (Mo. App. W.D. 1993)).

We award damages under Rule 84.19 "only with great caution lest we chill others from filing meritorious appeals." *Cap. One Bank v. Hardin*, 178 S.W.3d 565, 577 (Mo. App. W.D. 2005). Awarding these damages "is a drastic measure which the court reserves for those cases in which an appeal on its face is totally devoid of merit." *Id.* at 577–78 (citation omitted). While we do not award Hynes these damages, we note that her motion was not without some cause.

The DOC appealed this judgment to our Court, despite Hynes' warnings about a non-final judgment under Rule 74.01(b). The DOC, having drafted the judgment's language purporting to permit immediate appeal, filed its appeal with our Court while knowing of *Glasgow*'s holding.

The DOC then, in its brief to this Court, omitted its jurisdictional statement as required by Rule 84.04(b)[6] that would have addressed the finality of the trial court's judgment and our

---

[6] Rule 84.04(b) states, in part:

> Bare recitals that jurisdiction is invoked "on the ground that the case involves the validity of a statute" or similar statements or conclusions are insufficient as jurisdictional statements. The jurisdictional statement shall set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of article V, section 3, of the Constitution upon which jurisdiction is sought to be predicated.

ability to hear the appeal.[7]

The DOC also did not address the finality of the judgment in Point IV of its brief responding to Hynes' argument that the trial court's judgment was not final for appeal. Rather, the DOC's brief incorporated its suggestions in opposition responding to this point. In its suggestions in opposition to Hynes' motion to dismiss, the DOC stated that the judgment was appealable because:

> The [j]udgment provided for appeal under Rule 74.01 because the [c]ourt had not decided the related, but separate claim that the Department should pay a civil penalty and attorney fees. On that claim, the [c]ourt found "that there remain disputed issues of material fact as to whether [the DOC's] violation of chapter 610 RSMo was done 'knowingly' and/or 'purposely.'"

At every turn, the DOC seemingly ignored or misconstrued the central issue of whether it was, in fact, appealing a final judgment.

The DOC nonetheless presented a justiciable question because the DOC based its appeal on the trial court's judgment. By appealing a written judgment seemingly certified as a "final judgment" under Rule 74.01, the DOC's appeal was not "obviously contrary to legal principles." *See Cap. One Bank*, 178 S.W.3d at 577. While the DOC knew of *Glasgow* and thus could have readily recognized this appeal as likely unsuccessful, the DOC had a signed judgment by the trial court upon which to base its appeal.

This Court cautiously awards damages for a frivolous appeal, and we do not find that the

---

[7] The DOC did not include a jurisdictional statement in its brief as required by Rule 84.04 even though the DOC was the original appellant in this case. While Rule 84.04's requirements are mandatory, we nonetheless prefer to reach the merits of a case, unless the brief is "so deficient that it fails to give notice to this Court and the other parties as to the issue[s] presented on appeal." *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022) (citation omitted). It is certainly concerning that the DOC did not include the required jurisdictional statement nor addressed this Court's jurisdiction anywhere in its brief.

DOC's appeal warrants this drastic measure. We emphasize, though, that the DOC failed to brief this Court on its jurisdiction, and itself authored the proposed language in the judgment erroneously certifying it for immediate appeal under Rule 74.01(b). But the trial court, not the DOC, bears the responsibility for adopting the erroneous proposed language on which the DOC appeals.

Hynes' motion for damages is denied. But we deny this motion without prejudice to Hynes should she choose to refile this motion in further proceedings.

## Conclusion

For the reasons stated above, these appeals are dismissed for lack of jurisdiction. We deny both Hynes' motion to dismiss and her motion for damages for frivolous appeal, but do so without prejudice.

_____
Janet Sutton, Judge


Gary D. Witt, Chief Judge and Alok Ahuja, Judge concur.