

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| KRISTAL D. FULTON, | ) | No. ED111263 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Charles County |
| vs. | ) | 1911-AC08536-01 |
| | ) | |
| DRIVE RITE, LLC, AND XCEL | ) | Honorable Christopher M. McDonough |
| HOLDINGS, LLC, | ) | |
| | ) | |
| Respondents. | ) | Filed:  October 17, 2023 |

Thomas C. Clark, II, C.J., James M. Dowd, J., and John P. Torbitzky, J.

## Opinion

On September 11, 2019, after making a $1000 down payment on a 2010 Dodge Journey, appellant Kristal Fulton left respondent Drive Rite's dealership lot located on North 2nd Street in St. Charles, Missouri with the vehicle but without approval on the financing of the $8,993.50 remaining balance and without a certificate of title.  Mechanical malfunction and a breakdown in trust between the parties culminated in Fulton filing her petition against Drive Rite for violation of the Missouri Merchandising Practices Act (MMPA) and fraudulent misrepresentation.

Fulton now appeals the trial court's partial summary judgment in favor of Drive Rite in which the trial court held that Drive Rite did not violate section 301.210.4 RSMo., the provision that renders fraudulent and void the sale of a motor vehicle when the seller fails to provide the buyer a certificate of title.  We lack jurisdiction, however, since the partial summary judgment is

not a final, appealable judgment and therefore we are unable to get to the merits of this appeal. Appeal dismissed.

**Background**

Almost immediately after Fulton drove the vehicle off the lot, the vehicle's mechanical malfunctions manifested themselves and so Fulton returned the vehicle the next day, September 12, 2019. Later that day, Drive Rite returned the car to Fulton but more mechanical problems caused her to return the car yet again that evening and she never drove it again. Fulton told the salesperson she no longer wanted to purchase the vehicle. For its part, Drive Rite claims that it then offered Fulton a certificate of title or to return her down payment but that Fulton refused both offers. On September 25, 2019, Fulton, through her attorney, sent Drive Rite a letter demanding $1,939.00 which consisted of her down payment and expenses incurred by Fulton due to the aborted transaction. The letter also stated that Fulton wished to repudiate the transaction.

On December 11, 2019, Fulton filed her petition alleging Drive Rite had violated the MMPA and had fraudulently misrepresented the quality and condition of the vehicle. Both counts included the allegation that Drive Rite violated section 301.210.4 by failing to deliver a certificate of title to Fulton on September 11, 2019, when she initially took possession of the vehicle. After the parties filed cross-motions for summary judgment, the trial court denied both motions but then purported to grant partial summary judgment in favor of Drive Rite "on the issue whether [Drive Rite] violated section 301.210 RSMo."

Before trial was set to begin on December 13, 2022, the court considered pre-trial motions. The court ruled that "there will not be any evidence or any argument that there was a completed sale" in light of the trial court's partial summary judgment that Drive Rite had no

obligation under section 301.210.4 to provide Fulton a certificate of title on September 11 because the sale was not complete in that Fulton had not yet been approved for financing. Instead of proceeding to trial, Fulton dismissed without prejudice her MMPA and fraud claims in order to pursue this appeal on the sole issue of whether Drive Rite violated section 301.210.4.

**Jurisdiction**

Inasmuch as we have a duty to determine *sua sponte* whether we have jurisdiction to hear an appeal, *Energy Market 709, LLC v. City of Chesterfield*, 614 S.W.3d 643, 647 (Mo. App. E.D. 2020), we conclude that we have no jurisdiction here because the trial court's partial summary judgment did not fully adjudicate a claim or a "distinct judicial unit," but only decided the *issue* whether Drive Rite violated section 301.210.4 by failing to provide Fulton a certificate of title. *Buemi v. Kerckhoff*, 359 S.W.3d 16, 22 (Mo. banc 2011). And we know that it did not dispose of any of the claims because the partial summary judgment order specifically said so which is why Fulton's MMPA and fraud claims remained pending and set for trial. But instead of proceeding to trial, Fulton chose to dismiss both claims without prejudice in order to pursue this ill-fated appeal. Thus, the partial summary judgment before us is not a final and appealable judgment. *Energy Market 709, LLC* 614 S.W.3d at 647 (citing *Flower Valley, LLC v. Zimmerman*, 575 S.W.3d 497, 501 (Mo. App. E.D. 2019)).

"The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists." *Wilson v. City of St. Louis*, 600 S.W.3d 763, 767 (Mo. banc 2020) (quoting *First Nat'l Bank of Dieterich v. Pointe Royale Prop. Owners' Ass'n, Inc.*, 515 S.W.3d 219, 221 (Mo. banc 2017)). Only "final judgments" are appealable. Section 512.020(5), RSMo.

"[A] judgment is a legally enforceable judicial order that fully resolves at least one claim in a lawsuit and establishes all the rights and liabilities of the parties with respect to that claim."

*Id.* at 768. The phrase 'final judgment' in section 512.020(5) extends only to judgments that are final with respect to a 'judicial unit' of claims in a lawsuit. *Id*. at 769. "[F]or a ruling to dispose of a 'distinct judicial unit,' there ha[s] to be a final judgment on a *claim*, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim." *Glasgow Sch. Dist. v. Howard Cnty. Coroner*, 572 S.W.3d 543, 547 (Mo. App. W.D. 2019) (quoting *Buemi* 359 S.W.3d at 22)).

Missing here is a "judgment" that resolves at least one claim in this lawsuit. *Energy Market 709, LLC* 614 S.W.3d at 648. Simply put, whether Drive Rite violated section 301.210.4 in connection with this transaction presents nothing more than an issue that might be relevant to Fulton's claims but it is not a claim in and of itself. *Glasgow Sch. Dist.* 572 S.W.3d at 547. Accordingly, Fulton's appeal is dismissed for lack of jurisdiction.

_____
James M. Dowd, Judge

Thomas C. Clark, II, C.J., and
John P. Torbitzky, J. concur.

4